Benito **RETANA**, Relator,

v.

The Honorable Martha **TANNER**,
Respondent.

No. 04–93–00735–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 26, 1994.

Wallace B. Jefferson, Crofts, Callaway & Jefferson, Larry J. Goldman, Davis, Adami & Cedillo, Inc., San Antonio, for relator.

Sam Beltran, Law Office of Sam Beltran, John D. Wennermark, San Antonio, for respondent.

Before BIERY, GARCIA and LOPEZ, JJ.

## OPINION

PER CURIAM

■ The narrow issue in this original mandamus proceeding is the finality of a default judgment. On April 6, 1993, a default judgment was signed against relator Benito Retana. The judgment, in part, orders relator to pay certain sums to the next friend of two minors. It fails to specify how the funds are to be managed and invested for the benefit of the minors. *See* TEX.PROP.CODE ANN. §§ 142.001–.005 (Vernon 1984) (management of property recovered in a suit by a next friend). On October 21, 1993, relator filed an amended motion for new trial. Respondent, the Honorable Martha Tanner, signed an order declining to rule on the motion based on the expiration of her plenary power. Relator argues that because the default judgment fails to address the Property Code issues it is interlocutory, and accordingly the duration of respondent's post-judgment plenary power has not commenced. *See* TEX. R.CIV.P. 329b. Relator, in this original mandamus proceeding, asks us to order respondent to vacate her order declining to entertain his motion for new trial and to consider and rule on that motion.

■ Even though a next friend may bring suit on behalf of a minor, TEX.R.CIV.P. 44, the next friend does not automatically become the manager of the funds recovered. *Silber v. Southern Nat'l Life Ins. Co.*, 326 S.W.2d 715, 717 (Tex.Civ.App.—San Antonio 1959, writ ref'd). The court may appoint a guardian of the minors' estates to manage those funds. *See* TEX.PROB.CODE ANN. § 676 (Vernon Supp.1994); *McGough v. First Court of Appeals*, 842 S.W.2d 637, 639 (Tex. 1992); *Rodriguez v. Gonzalez*, 830 S.W.2d 799, 801 (Tex.App.—Corpus Christi 1992, no writ). Failing that, the provisions of Chapter 142 of the Property Code, referenced above, must be complied with. *Silber*, 326 S.W.2d at 717 (construing article 1994, the predecessor to Chapter 142).

■ A judgment is final and appealable if the rights of the parties have been determined and the issues involved have been disposed of so that no further action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). A judgment settling all legal issues and rights *between the parties* is final even though further proceedings may be necessary for its execution or some incidental or dependent matter may still remain to be settled. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985); *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945, 947 (1960); *Hargrove v. Insurance Inv. Corp.*, 142 Tex. 111, 176 S.W.2d 744, 746–47 (1944). The "judgment must settle all disputed material issues between the parties which require the exercise of judicial discretion. If that is done the judgment will not be considered interlocutory even if ancillary matters remain to be done, provided that such matters are purely ministerial." *Treadway v. Treadway*, 576 S.W.2d 121, 122 (Tex.Civ.App.—Texarkana 1978, no writ) (citation omitted).

The default judgment in this case has settled the "entire controversy," adjudicated every legal right, and disposed of each material issue pending between the parties. Whether a guardian is to be appointed, or, if not, under which section of the Property Code the next friend is to manage the money awarded to the minors are not "disputed material issues" *between relator and the real parties in interest.* These are incidental and ministerial matters between and among the trial court, the next friend and the minor plaintiffs that do not require adjudication of the legal issues between the parties. The necessity for compliance with either the Probate Code or the Property Code does not render the default judgment itself interlocutory. It is a final judgment.

Thus, how the money is to be managed after he turns it over is not the concern of Mr. Retana. It is, however, the court's con-

cern. Clearly, further steps must be taken by the court to protect the interests of the minors. While it is altogether proper that provision be made in the judgment for management of the minors' recovery, we have found no authority that mandates the inclusion of such provision or provides that the finality of such a judgment must await it. The decision either to appoint a guardian or to permit the next friend to manage the funds under the Property Code requires the court to consider matters wholly unrelated to liability and damages—the issues between the parties. It may be appropriate in the trial court's view to await a judgment in the underlying cause, and then, if the judgment is for the minors, to determine the issue of management of the funds in a separate hearing. In the meantime, the liability and damages determinations are appealable.

Until either a guardian is appointed or the Property Code provisions are met, Mr. Retana fulfills his duty by depositing the amounts awarded the minors in the registry of the court. *See Silber,* 326 S.W.2d at 717. What happens after that is between the court, the minors, and the next friend.

Because the default judgment is final, respondent's plenary power had expired when relator filed his motion for new trial. TEX. R.CIV.P. 329b(d), (f). She therefore did not abuse her discretion in declining to rule on the motion. The petition for writ of mandamus is denied.