**Thomas Allan COOK, Appellant,**

v.

**Annis Jo COOK, Appellee.**

**No. 10–94–271–CV.**

Court of Appeals of Texas, Waco.

Oct. 19, 1994.

Rehearing Overruled Nov. 30, 1994.

See also 886 S.W.2d 840.

---

Tom C. McCall, McCall & O'Connell, LLP, Austin, for appellant.

Donald E. Raybold, Clark, Malone, Knapp & Raybold, P.C., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Annis Jo Cook (Ann) filed suit for divorce against Thomas Cook in McLennan County on August 5, 1994. Thomas filed a plea in abatement alleging that Ann had not been a resident of the county for ninety days preceding her filing. *See* TEX.FAM.CODE ANN. § 3.21 (Vernon 1993). The court heard and denied the plea in abatement and granted temporary orders under section 3.58 of the Family Code. *See id.* § 3.58 (Vernon 1993). Thomas attempted to perfect an interlocutory appeal from the orders, asserting that section 51.014 of the Civil Practice and Remedies Code allows him that right. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1994). His primary complaint is that the court abused its discretion in failing to grant his plea in abatement and thus had no authority to issue the temporary orders.[1] Ann challenges our jurisdiction to hear the appeal.

Absent an express grant, appellate courts do not have jurisdiction to review interlocutory orders. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990). Although the Civil Practice and Remedies Code provides for an interlocutory appeal from an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65," subsection (g) was added to section 3.58 of the Family Code in 1985, providing:

> (g) An order issued under this section, except an order appointing a receiver, is not subject to interlocutory appeal.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4); TEX.FAM.CODE ANN. § 3.58(g). At the same time, an almost identical provision was added to section 11.11 of the Family Code, which provides for temporary orders in a suit affecting the parent-child relationship. *Id.* § 11.11(g) (Vernon 1986). That provision has been interpreted by our Supreme Court as precluding an interlocutory appeal of temporary orders issued under section 11.11. *Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding). We believe that section 3.58(g) should be construed likewise. *See* TEX.FAM.CODE ANN. § 3.58(g); *see also Post v. Garza,* 867 S.W.2d 88 (Tex.App.— Corpus Christi 1993, orig. proceeding) ("Specifically, since the trial court's issuance of temporary orders in a divorce action is not subject to interlocutory appeal, mandamus is an appropriate remedy to challenge such orders.")

Being without jurisdiction to entertain Thomas's complaints about the temporary orders issued under section 3.58, we dismiss his appeal. *See id.; Dancy,* 815 S.W.2d at 549.

---

1. Ancillary relief may not be granted when a party has not met the residency requirements of section 3.21. *Mlcoch v. Mlcoch,* 612 S.W.2d 682, 682–83 (Tex.Civ.App.—Dallas 1981, no writ).