Gaylord T. HUGHEY, Appellant,

v.

Martha Susan HUGHEY, Appellee.

No. 12–96–00065–CV.

Court of Appeals of Texas,
Tyler.

May 14, 1996.

Rehearing Overruled June 3, 1996.

J.W. Tyner, Keith Dollahite, for Relator.

Samuel M. George, for Respondent.

PER CURIAM.

## I. INTRODUCTION

This is an attempted interlocutory appeal from the trial court's March 15, 1996, rendition of Temporary Orders (sometimes referred to herein as the "Order") in a modification suit brought under Chapter 156 of the TEXAS FAMILY CODE.[1] The complained-of Order increases the monthly child support obligation of Appellant, Gaylord T. Hughey ("Mr. Hughey"), from $2,166.67 to $5,600.00 per month beginning on March 22, 1996, and continuing until "the signing of the final order herein or until further order" of the trial court. Although Mr. Hughey has taken steps to properly perfect his appeal and timely present the transcript,[2] because the Order he seeks to appeal is an unappealable interlocutory order, we must dismiss the appeal for want of jurisdiction.

## II. BACKGROUND

On August 29, 1990, the trial court rendered a final decree of divorce in open court, and later, on April 17, 1991, the trial court signed a Final Decree of Divorce Nunc Pro Tunc ("Final Decree"). Thereafter, on December 7, 1995, Mr. Hughey filed a Motion to Modify in Suit Affecting the Parent–Child Relationship ("Motion to Modify"). In that motion, Mr. Hughey sought to modify the Final Decree[3] as it pertained to the possession of or access to the parties' children, sought to terminate his child support obligation and impose a minimum child support

---

1. All section number references shall be to the current edition of the TEXAS FAMILY CODE (the "Family Code") unless otherwise specified.

2. Following entry of this Order, on March 22, 1996, Mr. Hughey made the following deposits: (1) $1,000 cash in lieu of cost bond; (2) $30,000 cash in lieu of supersedeas bond. Shortly there-

after, on April 16, 1996, we received the transcript in the instant cause.

3. The Motion to Modify stated that Mr. Hughey was seeking modification of the Decree of Divorce dated January 15, 1991. No such document is contained in the transcript before us.

obligation upon Appellee, Martha Susan Hughey ("Ms. Hughey"), sought attorneys' fees, and sought temporary orders: (1) restraining Ms. Hughey from removing the children from the state; (2) establishing Mr. Hughey as sole managing conservator; and (3) requiring Ms. Hughey to pay child support. As a result of this suit, a Temporary Restraining Order was signed by the trial court on December 7, 1995.

On or about December 11, 1995, Ms. Hughey filed a pleading entitled "Motion to Dissolve Temporary Restraining Order, Original Answer And Counter–Motion to Modify In Suit Affecting Parent–Child Relationship" ("Counter–Motion").[4] By her Counter–Motion, Ms. Hughey sought sole managing conservatorship of the children under Section 156.203 of the FAMILY CODE and a temporary increase in child support under Section 105.001 of the FAMILY CODE on the basis that, under the terms of the Final Decree, the termination of alimony, which had terminated on September 1, 1995, constituted a material change in circumstances for purposes of re-calculating child support. In addition to these modifications, Ms. Hughey sought interim attorneys fees and expenses. Following an initial hearing on these pleadings, on December 13, 1995, the parties entered into an agreement providing for interlocutory relief pending the reconvening of the temporary hearing. That agreement was memorialized in an order signed by the trial court on January 2, 1996. The hearing was set to reconvene on January 29, 1996. In accordance with that setting, the hearing was held before a visiting judge, the Honorable Pat McDowell, on January 29th and 30th. On the first day of that hearing, Ms. Hughey filed a trial amendment requesting an order increasing child support and also asking for a temporary child support increase pending hearing.

After a two day hearing, Judge McDowell took the matter under advisement. Subsequently, on March 15, 1996, the court signed "Temporary Orders" awarding Ms. Hughey a significant increase in child support pending further order of the court. That Order is now before us on interlocutory appeal.

## III. OUR APPELLATE JURISDICTION

■ Generally, this Court only has appellate jurisdiction over appeals from final judgments and such interlocutory orders as the legislature has deemed appealable. TEX.CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986) and § 51.014 (Vernon Supp.1996); *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex.1993). This Court, however, has no jurisdiction to review an interlocutory order absent an express grant of such authority. *Tex. Dept. of Public Safety v. Martin*, 882 S.W.2d 476, 483 (Tex.App.—Beaumont 1994, no writ).

## IV. THE INTERLOCUTORY APPEAL

■ While Mr. Hughey acknowledges that under Section 105.001(e) of the FAMILY CODE, temporary orders entered in a divorce case *before* rendition of the final decree are not subject to interlocutory appeal, he avers that since a modification suit under Chapter 156 of the FAMILY CODE is a new lawsuit filed after entry of the final decree and governed by the TEXAS RULES OF CIVIL PROCEDURE, an interlocutory appeal from a Temporary Order is not precluded. He further argues that since appeal of such Order is not precluded and that since it is tantamount to an injunction, *i.e.*, it orders Mr. Hughey to pay specified amounts of additional child support as well as attorneys' fees, it should be reviewable by interlocutory appeal under TEX.CIV. PRAC. & REM.CODE § 51.014(4) (Vernon Supp.1996).[5]

Ms. Hughey, on the other hand, argues that Section 105.001(e) of the FAMILY CODE does prohibit an interlocutory appeal from temporary orders issued in a suit affecting the parent-child relationship under Chapter 156 of that code. We agree. The governing provisions for both an initial suit for divorce/custody and a subsequent suit for

---

**4.** This counter-motion sought to modify the Final Decree of Divorce Nunc Pro Tunc rendered April 26, 1991. Once again, the transcript contains no such decree bearing that date.

**5.** Section 51.014(4) statutorily permits interlocutory appeals from an order that grants or refuses a temporary injunction.

modification are contained in Title V of the FAMILY CODE, entitled "The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." *See* TEX.FAM.CODE §§ 153.001 *et seq.*, and 154.001 *et seq.*, (Vernon 1996) (pertaining to custody and child support) and TEX.FAM.CODE §§ 156.001 *et seq.*, (Vernon 1996) (pertaining to modification of custody and support). Title V is then broken down into five different subtitles. Subtitle A, entitled "General Provisions," consists of eleven chapters that categorically set forth the fundamental provisions that are applicable to the other subtitles under Title V, unless otherwise specified.[6]

The first Chapter of Subtitle A sets forth definitions applicable to Title V.[7] Two of these definitions provide the link between the general provision of Subtitle A that prohibits interlocutory appeals and the Order at issue here, which was rendered under Subtitle B. Section 101.031 defines the general term "suit" as "a suit affecting the parent-child relationship." "Suit affecting the parent-child relationship," in turn, is defined under Section 101.032(a) as "a suit filed as provided by this title in which . . . access to or support of a child . . . is requested."[8] With these definitions in mind, we note that Section 105.001 of the General Provisions under Title V, provides in relevant part:

### § 105.001  Temporary Orders Before Final Order

(a) In a suit, the court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order:

. . . . .

(2) for the temporary support of the child;

. . . . .

(5) for payment of reasonable attorney's fees and expenses.

. . . . .

(e) Temporary orders rendered under this section are not subject to interlocutory appeal.

TEX.FAM.CODE § 105.001 (Vernon 1996). No other provision under Subtitle A or Chapter 156 of Subtitle B addresses the appealability of temporary orders.[9]

Here, it is undisputed that the Order which Mr. Hughey now seeks to appeal was rendered under Section 156.006, a provision under Chapter 156 of Subtitle B, Title V. That section authorizes the trial court to render temporary orders "in a suit for modification." Since Section 101.031 provides that the term "suit" as used in Title V, refers to a "suit affecting the parent-child relationship," and since Section 101.032 of the General Provisions includes a suit under Chapter 156 within its definition of "suit affecting the parent-child relationship," it follows that the term "suit" as used in Section 105.001 above applies to a suit for modification under Chapter 156. Thus, it must be concluded that Section 105.001(e), which precludes the interlocutory appeal of temporary orders, likewise applies to temporary orders rendered under Chapter 156.

Despite the definitions of "suit" and "suit affecting the parent-child relationship" set forth in Chapter 101, Mr. Hughey argues that the provisions of Chapters 105 and 156 are not interrelated. First, he asserts that Chapter 156 neither refers to the term "suit" or "suit affecting the parent-child relationship," but instead, it refers to "suit for modification." We do not find this reference to "suit for modification" persuasive evidence

---

**6.** These eleven chapters are entitled Chapter 101: Definitions, Chapter 102: Filing Suit, Chapter 103: Venue and Transfer of Original Proceedings, Chapter 104: Evidence, Chapter 105: Settings, Hearings and Orders, Chapter 106: Costs and Attorney's Fees, Chapter 107: Special Appointments and Social Studies, Chapter 108: Central Record File; Vital Statistics, Chapter 109: Appeals, Chapter 110: Court Fees, and Chapter 111: Guidelines for Possession and Child Support.

**7.** Section 101.001(a) provides: "Definitions in this subchapter [sic] apply to this title."

**8.** Section 101.032(b), however, excludes from that definition habeas corpus proceedings brought under Chapter 157, certain suits brought under Chapter 159, and suits brought under Title 2.

**9.** Although Chapter 109 is entitled APPEALS, that chapter speaks only to appeals from final orders, and thus, its provisions are not applicable here.

that Chapter 156 is not governed by the general provisions of Subtitle A. Given the numerous types of suits affecting the parent-child relationship contained in Title V, use of the term "suit for modification" in Chapter 156 merely describes the type of "suit affecting the parent-child relationship" being referred to under Chapter 156. Thus the term "for modification" merely modifies the defined term "suit." In so holding, we further note that "suit for modification" is not separately defined in Chapter 156.

Mr. Hughey also argues that Chapter 156 expressly provides that a suit for modification is "an original lawsuit," and thus, he argues that it cannot be subject to the general provisions of Chapter 105. While Mr. Hughey's premise is correct, we disagree with his conclusion. We find nothing in Chapter 105 that would preclude its application to an original suit under Chapter 156. Chapter 105 merely details additional provisions necessary for suits affecting the parent-child relationship, *e.g.*, the parameters for temporary orders and their appealability, temporary injunctions, jury proceedings, and detailed requirements for the contents of final orders. Since, as Mr. Hughey acknowledges, the underlying suit for modification is an original lawsuit and since it is undisputed that no final order of modification has been rendered, the Order at issue here is a temporary one rendered before a final order. Thus, even under Mr. Hughey's reasoning, the instant Order is one that he has already acknowledged is not appealable, *i.e.*, a temporary order entered before rendition of a final decree or order.

Lastly, Mr. Hughey argues that application of Section 105.001(e) to the Order at issue here violates fundamental rules of construction: (1) if a conflict between a general provision and a special provision is irreconcilable, the special provision governs as an exception to the general provision under TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988); and (2) it is presumed that "the entire statute is intended to be effective" under TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988). We perceive neither a conflict in construction nor a violation of the entirety clause of Section

311.021(2); thus, these arguments are without merit.

### V. CONCLUSION

Because an interlocutory appeal from the Order rendered by the trial court on March 15, 1996, is prohibited by Section 105.001(e) of the TEXAS FAMILY CODE, we are without jurisdiction to entertain Mr. Hughey's appeal. Accordingly, this case is dismissed for want of jurisdiction.