Charles R. NORMAND, Appellant,

v.

Marianne FOX, Appellee.

No. 10–96–101–CV.

Court of Appeals of Texas, Waco.

March 5, 1997.

**402** 

against him. The trial court found that the numerous phone calls Normand made to his ex-wife, Marianne Fox ("Fox"), constituted family violence warranting the issuance of a protective order. Normand attacks the legal and factual sufficiency of the evidence to support the granting of a protective order. Also, he complains that the trial court's finding entitling Fox to a protective order is against the great weight and preponderance of the evidence. Because we do not have the authority to review appeals of protective orders granted under the Family Code, we dismiss for want of jurisdiction without reaching the merits of this case.

M. Bryon Barnhill & Daniel A. Corbin, Corbin & Associates, P.C., Killeen, for appellant.

Edwin E. Powell, Jr., County Attorney, Gatesville, for appellee.

Before DAVIS, C.J., and CUMMINGS, and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

 Charles R. Normand ("Normand") appeals from a protective order entered

 We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte. Bowles v. Wade,* 913 S.W.2d 644, 649 (Tex.App.—Dallas 1995, writ denied); *Dallas County Appraisal v. Funds Recovery,* 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied). Generally, we possess appellate jurisdiction over appeals from final judgments and such interlocutory appeals as the legislature has deemed appealable. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986) and § 51.014 (Vernon Supp.1997); *Hughey v. Hughey,* 923 S.W.2d 778, 779 (Tex.App.— Tyler 1996, writ denied). Absent an express grant, we do not have jurisdiction to review interlocutory orders. *Hughey,* 923 S.W.2d at 779; *Cook v. Cook,* 886 S.W.2d 838, 839 (Tex. App.—Waco 1994, no writ). Jurisdiction to review an interlocutory order is either specified in a particular statute or under the general interlocutory appeal provision in the Texas Civil Practice and Remedies Code.[1]

1. Section 51.014 of the Texas Civil Practice and Remedies Code provides the general interlocutory appeal jurisdiction. That section provides:
 A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
 (1) appoints a receiver or trustee;
 (2) overrules a motion to vacate an order that appoints a receiver or trustee;
 (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure;
 (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65;

 (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state; or
 (6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article 1, Section 8, of the Texas Constitution, or Chapter 73.

The family protective order does not fall within the parameters for interlocutory review under Section 51.014 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014. Furthermore, Title 4 of the Family Code does not provide for interlocutory appeal.[2] Thus, only if the protective order qualifies as a final judgment are we empowered to review it.

An order which purports to dispose of all issues and all parties is a final appealable order. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995); *Jobe v. Lapidus*, 874 S.W.2d 764, 765 (Tex.App.—Dallas 1994, writ denied). In a final judgment, no further action by the trial court will be necessary to settle and determine the entire controversy. *Retana v. Tanner*, 869 S.W.2d 669, 670 (Tex. App.—San Antonio 1994, no writ). A judgment settling all legal issues and rights between the parties is final even though further proceedings may be necessary for its execution or some incidental or dependent matter may remain unsettled. *Id.* The judgment must settle all disputed material issues *between the parties* which require the exercise of *judicial discretion. Id.* If that is done the judgment will not be considered interlocutory even if ancillary matters remain, provided that such matters are purely ministerial. *Id.*

A protective order entered under Chapter 71 is effective for the period specified by the trial court, but not to exceed one year. TEX. FAM.CODE ANN. § 71.13 (Vernon 1996). During this effective period, the trial court retains the power and jurisdiction to modify the protective order either by removing items included or including items not previously contained in the order. *Id.* § 71.14. This modification power clouds the protective order's finality. To help ascertain the finality of the order, we can analogize between the

power of the trial court to modify a protective order and modify an order in a suit affecting the parent-child relationship. A trial court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child. *Id.* § 156.001. Title 5 of the Family Code provides, however, that a suit for modification is a new lawsuit filed after the rendition of a final order.[3] *Id.* § 156.004; *Hudson v. Markum*, 931 S.W.2d 336, 337 (Tex.App.—Dallas 1996, no writ); *Hughey*, 923 S.W.2d at 781. Because the trial court's modifications do not affect or alter the original order, the order in a suit affecting the parent-child relationship remains final and appealable. *See Tamez v. Tamez*, 822 S.W.2d 688, 692 (Tex.App.—Corpus Christi 1991, writ denied). However, Chapter 71 does not contain a provision similar to Section 156.004. The trial court retains the power to exercise judicial discretion in modifying its original protective order. Therefore, we believe that a protective order entered under Chapter 71 is not a final, appealable order. *Retana*, 869 S.W.2d at 670.

Nevertheless, some evidence exists which might indicate that the Legislature intended a protective order to be a final, appealable order. Chapter 71 of the Family Code includes definitions referenced by the former Section 11.01.[4] Title 5 defines an order to mean a final order, decree, or judgment unless identified as a temporary order or the context clearly requires a different meaning. TEX. FAM.CODE ANN. § 101.023. However, this definition was not included in the original Section 11.01 to which Section 71.01 refers. Another section of Chapter 71 creates an inference that protective orders are to be considered final orders. The Legislature's

---

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014.

**2.** Title 4 of the Family Code is titled Protection of the Family and includes Chapter 71 (Protective Orders) and Chapter 73 (Reporting Family Violence).

**3.** When the Legislature recodified Section 14.08 it changed the language in the section from "a motion to modify" to "a suit for modification." This change emphasizes that the Legislature intends that trial courts continue to treat modifica-

tions as original lawsuits. *Hudson*, 931 S.W.2d at 338 n. 5.

**4.** The former Section 11.01 contained in Title 2 of the Family Code has been recodified in Title 5 of the Family Code. Upon recodification, the definitions contained in Section 11.01 were split into multiple sections. *See* TEX. FAM.CODE ANN. §§ 101.001, 101.002, 101.003, 101.008, 101.014, 101.018, 101.019,101.021, 101.022, 101.024, 101.025, 101.032.

titling Section 71.15 "Temporary Orders" infers orders not entered under Section 71.15 are not temporary but are final. *Id.* § 71.15.[5] We are not bound by the name given to the order but must look to its actual application. *See Jobe,* 874 S.W.2d at 766. Despite this slight evidence of Legislative intent to the contrary, we conclude that the protective order's effect is that of an interlocutory, non-appealable order.

We are cognizant of case law which espouses that we are to construe our jurisdiction liberally. We must presume in favor of jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition. *Peek v. Equipment Service Co.,* 779 S.W.2d 802, 804 (Tex.1989). Furthermore, we construe the allegations in the pleading in favor of the pleader and, if necessary, examine the entire record to determine if there is any evidence establishing subject matter jurisdiction. *Bowles,* 913 S.W.2d at 649; *Dallas County Appraisal,* 887 S.W.2d at 469. However, these cases relate to construing the facts in the pleadings broadly to favor jurisdiction. In this case, no fact issue impacts on our jurisdiction; thus, we have nothing to construe favorably. Moreover, the Supreme Court has instructed us that our decisions should turn on substance rather than procedural technicality. *Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex.1994). We should also recognize an appellant's "bona fide attempt to invoke the appellate court jurisdiction." *Id.* However, lacking authorization to hear an appeal constitutes more than a mere procedural technicality. Although Normand made a bona fide attempt to invoke our jurisdiction, we possess no jurisdiction for him to invoke.

Mandamus is an appropriate remedy to challenge interlocutory orders not subject to appeal. *Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex.1991); *Cook,* 886 S.W.2d at 839 (citing *Post v. Garza,* 867 S.W.2d 88 (Tex. App.—Corpus Christi 1993, orig. proceeding)). Thus, we conclude the proper vehicle to complain of protective orders entered under the Family Code is a writ of mandamus.[6] Because Normand brought forward his complaint by appeal instead of mandamus, we are not authorized to hear his case.

We dismiss for want of jurisdiction.

VANCE, J., dissents.

VANCE, Justice, dissenting.

The majority holds that the protective order is an interlocutory order over which we have no jurisdiction. I believe the order is "final" and appealable.

A judgment is final and appealable when it disposes of all parties and issues. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). An interlocutory order is one made pending the final disposition of the merits of a case. *City of Corpus Christi v. Public Util. Comm'n,* 572 S.W.2d 290, 297 (Tex.1978). A judgment is interlocutory if it determines less than all issues, leaving something further to be determined and adjudicated in disposing of the parties and their rights. *Starnes v. Holloway,* 779 S.W.2d 86, 93 (Tex.App.—Dallas 1989, no writ). "Temporary orders" in a divorce action are interlocutory orders. Tex. Fam.Code Ann. § 3.58 (Vernon 1993). They expire with the entry of the final divorce decree which supersedes the temporary or-

---

**5.** Section 71.15 authorizes the issuance of temporary orders until a hearing for a protective order can be had. Tex. Fam.Code Ann. § 71.15. These temporary orders are analogous to temporary orders granted in the context of a suit affecting the parent-child relationship. *Id.* § 109.001. This type of order protects the status quo until the trial court has an opportunity to adjudicate the dispute. Temporary orders are clearly interlocutory and not appealable. *Id.* § 109.001(c); *Cook,* 886 S.W.2d at 839.

**6.** We understand the dissent's concern that reviewing protective orders by writ of mandamus will impose an abuse of discretion standard. However, we believe that protective orders under

Title 4 of the Texas Family Code are not final; thus, we may not review them through any other vehicle. We join with the dissent in calling upon the Legislature to amend the Family Code or another appropriate statute to make the protective order a final order that we review on an accelerated basis. Absent Legislative action conferring final order status on the protective order, the restrained party faces the heavy burden of proving the trial court abused its discretion in granting the protective order. Absent an accelerated appeal status, the restrained party risks the issue becoming moot because the typical appeal may take longer than the one-year effective period.

ders. *Coke v. Coke*, 802 S.W.2d 270, 273 (Tex.App.—Dallas 1990, writ denied).

Here, Marianne Fox sought a protective order against her ex-husband, Charles Normand, under Chapter 71. TEX. FAM.CODE ANN. § 71.01–.19 (Vernon 1996).[1] No other proceeding was pending between the parties. The court's protective order disposed of all the issues between the parties. I do not share the notion that the court's ability to modify the order, after notice and hearing, clouds its finality. Once modified, the new order would also be final, assuming it disposed of all issues and parties.

Although I believe the order is final and appealable, I recognize that review by mandamus is a more expeditious remedy.[2] Because a protective order expires automatically one year after being granted, the issue may become moot before the merits can be finally determined on appeal. *Id.* § 71.13. Review by mandamus, however, limits the complaining party's right of review to an assertion that the court abused its discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Thus, neither an ordinary appeal nor mandamus may provide effective appellate review.

The Legislature can declare its intent about the appealability of protective orders. It can decide which mechanism will be used to provide appellate review of an independently granted protective order,[3] either by declaring such an order final and allowing an appeal with an accelerated timetable, providing for an interlocutory appeal, or by inaction, in which event review will be, as the majority decides, by mandamus. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. § 574.070 (Vernon 1992) (appeals from court-ordered mental health services accelerated and given priority status); TEX. CIV. PRAC. & REM.CODE

ANN. § 51.014 (Vernon Supp.1997) (interlocutory appeals generally).

---

1. A proceeding seeking a protective order is an "independent remedy." *Magill v. Sheffield*, 612 S.W.2d 677, 679 (Tex.Civ.App.—Dallas 1981, no writ).

2. *See White v. Blake*, 859 S.W.2d 551, 558 (Tex. App.—Tyler 1993, orig. proceeding) (party argued that protective order was void because court lacked jurisdiction).

3. This protective order arose post-divorce as an independent action. The finality of a protective order may be less clear when issued during a proceeding to dissolve a marriage. TEX. FAM.CODE ANN. §§ 3.581, 71.06 (Vernon 1996 & Supp. 1997).