NO. 07-00-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2001



______________________________




JOHN ELWAYNE TURNER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 100TH DISTRICT COURT OF HALL COUNTY;



NO. 3007; HONORABLE DAVID MCCOY, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant John Elwayne Turner appeals from the revocation of his probation for
felony driving while intoxicated, and sentence of five years incarceration. We affirm. 

BACKGROUND


 On May 27, 1997, appellant pled guilty to a felony charge of driving while
intoxicated. Pursuant to a plea bargain, he was placed on probation for five years and
assessed a $1,500 fine.

 On November 5, 1998, the State filed a motion to revoke appellant's probation. The
motion was heard on July 19, 2000, at which time the State waived its allegations as to
appellant violating his probation except the allegation that appellant failed to rgeport to the
court through the probation office on the first of each month, beginning on June 1, 1997. 
The State specified that appellant did not report for the months of June, July, August,
September, and October, 1998. The trial court found that appellant violated the terms of
his probation, revoked the probation and sentenced appellant to five years incarceration
in the Texas Department of Criminal Justice, Institutional Division. 

 By two issues, appellant challenges the legal and factual sufficiency of the evidence
to support the trial court's finding that he violated the terms of his probation by wilfully or
knowingly failing to report to the trial court through the probation department. In essence,
he argues that the terms of his probation allowed him to report either in person or in
writing. Therefore, he asserts, the State had the burden to prove that he reported neither
in writing nor in person, which the State failed to prove. Appellant concludes that because
the State failed in its proof, the trial court abused its discretion in revoking his probation. 
 

LAW

 In a proceeding to revoke probation the burden of proof is on the State to show by
a preponderance of the evidence that the probationer has violated a condition of probation
as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993). Proof of any one of the alleged violations is enough to support an order to revoke
probation. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State,
528 S.W.2d 223, 224 (Tex.Crim.App. 1975).

 The only issue presented in an appeal from an order revoking probation is whether
the trial court abused its discretion. See Naquin v. State, 607 S.W.2d 583, 586
(Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). When
the standard of review is abuse of discretion, the record must simply contain some
evidence to support the decision made by the trial court. Brumbalow v. State, 933 S.W.2d
298, 300 (Tex.App.--Waco 1996, pet. ref'd). In determining the sufficiency of the evidence
to sustain a probation revocation, we view the evidence in the light most favorable to the
trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979);
Brumbalow, 933 S.W.2d at 300. 

ANALYSIS

 Appellant's 100th Judicial District probation officer, Michael Moore, testified that
appellant last reported to the probation department in writing on May 26, 1998. Moore
received a telephone call from appellant on July 6, 1998, in which appellant asked if Moore
could "cover for him" as to report dates appellant missed with the Terry County probation
office, which Moore declined to do. Moore was not contacted at all by appellant after the
last written report in May, 1998, except for the one telephone call in July.

 Moore testified that during the months of June and July, 1998, which were two of
the months during which the State alleged that appellant did not report as he should have,
the probation department of the100th Judicial District had transferred appellant's probation
to Terry County, Texas, for supervision, and appellant was to report to the Terry County
probation office, as well as reporting in writing to the 100th Judicial District office. 
According to Moore, the Terry County office closed its supervision of appellant's probation
and transferred supervision back to the 100th Judicial District probation office on July 21,
1998. After Terry County returned supervision of appellant's probation to the 100th
Judicial District in July, appellant would not have been able to comply with his probation
requirement by reporting to anyone in Terry County. 

 Appellant testified that he did not report to his Terry County probation supervisor 
 during specific dates in June and July, 1998, when he was to report weekly as part of a
rehabilitation program which he was undergoing. He claimed to have been hospitalized
during part of August, 1998, but did not offer an explanation for the complete failure to call
or report in writing to the probation office during that time. Appellant did not testify that he
reported to the 100th Judicial District probation office either in person or in writing at any
time after the Terry County probation office closed its supervision of his probation on July
21, 1998, and returned supervision to the 100th Judicial District office. 

 There is some evidence that appellant did not report to the trial court monthly, as
he was required to do, in any manner, after the telephone call to Moore in July, 1998, even
if such telephone call were to be considered as a "report." Viewing the evidence in the
light most favorable to the trial court's determinations, as we must, we conclude that the
trial court's decision that appellant failed to report in any manner, either in writing or in
person, during one or more of the months of August, September and October, 1998, would
be supported by some evidence. See Brumbalow, 933 S.W.2d at 300. Evidentiary
support for a determination that appellant failed to report for any one of the months alleged
by the State is sufficient evidentiary support for revocation. See Moses, 590 S.W.2d at
470. Accordingly, the trial court did not abuse its discretion in revoking appellant's
probation. Id. We overrule appellant's first and second issues. 

CONCLUSION

 Having concluded that the trial court did not abuse its discretion in finding that
appellant violated a term of his probation as alleged by the State, and having overruled
both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice




Do not publish.

 



"false" Name="Colorful List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00046-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
28, 2011

 



 

IN THE INTEREST OF D. C., JR.



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2002-517,897; HONORABLE JOHN J. MCCLENDON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

This is the attempted appeal of
matters arising in a family law case. 
D.C., Sr. (the father), an inmate appearing pro se, filed in this court a handwritten document complaining of
the trial courts January 20, 2011, oral rulings on certain motions and its
vacation of a prior order referring the case to a mediation hearing.[1]  

            On
our own motion, we questioned our jurisdiction and by letter offered the father
an opportunity to file documents or matters he considered necessary to our
jurisdictional determination.  The father
filed a response on February 17, consisting of a factual narrative, a letter in
which he states he intended his original filing to be a notice of appeal and a
copy of a pleading submitted to the clerk of the trial court on February 9,
2011.  In the latter document, the father
indicates he takes exception with three rulings of the trial court: (1) the
denial of a mediation hearing; (2) the denial of a motion to modify
(apparently the portion of a decree in a suit affecting parent-child
relationship concerning access to a child); and (3) the denial of a motion to
enforce a divorce decree (in an unspecified manner).

            An
appeal generally may be taken only from a final judgment.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001) (stating rule).  [W]hen
there has not been a conventional trial on the merits, an order or judgment is
not final for purposes of appeal unless it actually disposes of every pending
claim and party or unless it clearly and unequivocally states that it finally
disposes of all claims and all parties. 
An order that adjudicates only the plaintiffs claims against the
defendant does not adjudicate a counterclaim, cross-claim, or third party
claim, nor does an order adjudicating claims like the latter dispose of the
plaintiffs claims.  Id. at 205.  If the judgment or order in question is not
final, it is interlocutory.  Appeal can
be taken from interlocutory orders only when authorized by statute.  Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see, e.g., Tex. Civ. Prac.
& Rem. Code § 51.014 (West 2008).  We have no appellate jurisdiction to review
an interlocutory order granting or denying referral of a matter to
mediation.  See Banc of America Investment Services, Inc. v. Lancaster, No.
02-04-0223-CV, 2004 Tex. App. Lexis 7577, at *1-*2 (Tex.App.--Fort
Worth Aug. 4, 2004, no pet.) (per curiam,
mem. op.) (dismissing for
want of jurisdiction attempted interlocutory appeal of order referring case to
mediation).

            In
a suit to modify support or conservatorship, a modification order is final and
appealable.  See Bilyeu v. Bilyeu,
86 S.W.3d 278, 282 (Tex.App.--Austin
2002, no pet.) (noting legislature has designated such
action a new suit); Normand v. Fox,
940 S.W.2d 401, 403, 403 n.3 (Tex.App.--Waco 1997, no
writ).  However, on this courts inquiry,
the clerk of the trial court has advised us that the trial court has not filed
an order in the fathers case since January 1, 2011.  The fathers original filing in this court
indicates he is appealing rulings reported to him by the trial court in a
telephone conference. Absent a signed written order disposing of all issues and
all parties, the trial court retains jurisdiction, preventing attachment of
this courts appellate jurisdiction.  Grant v. American Natl Ins.
Co., 808 S.W.2d 181, 184 (Tex.App.--Houston [14th
Dist.] 1991, no writ).  Under the
circumstances reflected in the documents before us, in the absence of a signed
written order of the trial court, we have nothing to review.  See
Farmer v. Ben E. Keith Co., 907
S.W.2d 495, 496 (Tex. 1995) (The appellate timetable does not commence to run other than by a signed, written order,
even when the signing of such an order is purely ministerial) (emphasis in
original); Tex. R. App. P. 26.1.  

            Because
an interlocutory order denying referral of a case to mediation is not immediately
appealable, and because it appears the trial court has issued no signed written
orders containing any of the rulings the father seeks to appeal, we have no
jurisdiction to consider his attempted appeal. 
Accordingly, we dismiss the appeal for want of appellate
jurisdiction.  Tex. R.
App. P. 42.3(a).

Per Curiam

 











[1]  Based on a
factual narrative filed by the father in this case, and our prior disposition
of In re D.C., Jr., No.
07-09-0320-CV, 2010 Tex. App. Lexis 7825 (Tex.App.--Amarillo
Sept. 23, 2010, no pet.) (mem. op.), it appears the
fathers base issue concerns the parent-child relationship between him and his
son, D.C., Jr.