TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00326-CV







Kean Bilyeu, Appellant


v.


Tamera Lynn Bilyeu, Appellee







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY

NO. 260,985, HONORABLE MIKE DENTON, JUDGE PRESIDING






 Kean Bilyeu appeals from a family violence protective order. See Tex. Fam. Code
Ann. §§ 81.001-87.004 (West Supp. 2002). The State, on behalf of Tamera Bilyeu, Kean's wife,
filed a presubmission motion to dismiss the appeal contending that we are without jurisdiction to
review the protective order by appeal. (1) We will dismiss the appeal for lack of jurisdiction. 


Background


 On February 7, 2002, following a hearing, the trial court rendered a protective order
which contained a finding that Kean committed an act of family violence. See id. §§ 85.001(b), .022.
Further, the order directs Kean (1) to refrain from committing acts of family violence against Tamera
or her family; (2) to communicate with Tamera only through her attorney; (3) not to communicate
or attempt to communicate a threat to Tamera or her family; (4) not to engage in conduct directed
specifically toward Tamera or her family that is likely to harass, annoy, alarm, abuse, torment, or
embarrass the person and not to stalk Tamera; (5) not to go within 200 yards of Tamera or their
child, C.Z.B., or the locations listed in the order; (6) to pay $106 court costs; (7) to enter and
complete the twelve-week domestic violence program by July 7, 2002; and (8) not to harm or remove
any pets from Tamera's possession. The order also suspends any license to carry a concealed
weapon that Kean may possess and orders that he transfer any firearm in his possession to the Austin
Police Department. Finally, the order provides that a violation of the order may be punished for
contempt of court by a fine as well as confinement in jail. The order was to remain in effect for two
years. (2) See id. § 85.025. 

 Currently, two motions are pending before this Court: (1) Kean's motion to extend
time to file a notice of appeal and (2) Tamera's motion to dismiss the appeal for want of jurisdiction.
Kean states in his motion for extension of time that he has been attempting an amicable resolution
of his differences with Tamera and that the real source of conflict is what he describes as "an
associated divorce action," apparently pending in another cause. He asserts that the divorce "if
resolved would eliminate the perceived need for this action, and a related criminal proceeding."
Further, he states that the parties have attempted to schedule a mediation, which, if it had occurred,
would have resulted in an agreed temporary injunction, thereby eliminating the need for this
protective order but, despite mutual efforts, due to scheduling difficulties, a mediation has not
occurred and only now has it become necessary for Kean to pursue an appeal. Further, Kean asserts
that the parties will mediate the pending divorce action. 


Discussion


 The issue presented is whether this Court has jurisdiction to review by appeal a family
violence protective order in effect while the parties' divorce proceeding is pending in the trial court. 
Appellate courts have jurisdiction over appeals from final judgments and specific types of
interlocutory orders that the legislature has designated as appealable orders. See North East I.S.D.
v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966) ("To be final a judgment must dispose of all issues
and parties in a case."); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .014 (West Supp.
2002) (listing some appealable interlocutory orders). Absent either, we are without jurisdiction over
an appeal. 

 The Family Code specifically addresses the relationship between protective orders
and divorce proceedings or suits affecting the parent child relationship ("SAPCR"). See Tex. Fam.
Code Ann. §§ 85.061-.065. If an application for a protective order is pending, a court may not
dismiss the application on the ground that a divorce proceeding is filed later in a different court. Id.
§ 85.061. Also, if a divorce or SAPCR is pending, a party may apply for a protective order in the
court in which the suit is pending or in a court in the county where the applicant resides. Id.
§ 85.062. A protective order may be transferred, on the motion of any party or on the court's own
motion, to the court where a divorce or SAPCR is pending. Id. § 85.064. Once transferred, the
protective order has the same effect as it would have in the court that rendered the order. Id.
§ 85.065(a). A transferred protective order is subject to modification by the court that receives the
order to the same extent modification is permitted by the court that initially rendered the order. Id. 
§ 85.065(c). On the motion of any party, the court, after a hearing, may modify an existing order to
omit any provision that may have been included originally in the order or add any additional ruling. 
Id. § 87.001. Except in certain circumstances, a protective order remains in effect for the period
stated in the order, not to exceed two years. Id. § 85.025(a). 

 Several appellate courts have addressed the issue of whether protective orders
rendered under the Texas Family Code are appealable orders. Initially, the issue of appellate
jurisdiction regarding protective orders was addressed in Normand v. Fox, where the court reviewed
whether it had jurisdiction over an appeal from a protective order rendered after the parties divorced. 
940 S.W.2d 401 (Tex. App.--Waco 1997, no writ). The Normand court held that the protective
order was not appealable for two reasons. First, the court reasoned that absent explicit statutory
authority to review a protective order, the appellate court was without jurisdiction to review the
order. Id. at 403. Second, the court reasoned that the trial court's retained power and jurisdiction
to modify the existing protective order, either by removing provisions from the order or adding
rulings not previously contained in the order, clouded the protective order's finality. Id. 

 The Normand court distinguished the trial court's power to modify an existing
protective order from the trial court's ability to modify a SAPCR. Under the Family Code's statutory
scheme, the legislature designated a suit to modify a SAPCR as a new cause of action. Id. (citing
Tex. Fam. Code Ann. § 156.004 (West 1996)). In a suit to modify a SAPCR, while any
modifications made by the trial court may alter the effect of the initial SAPCR provisions, the
original decree remains final and a new final order results from the modification proceeding. Id. 
Conversely, in a proceeding to modify a protective order, at any time during its existence, all
conditions and provisions therein are subject to change. Tex. Fam. Code Ann. § 87.001. Further,
there is no statutory provision designating a modification of a protective order proceeding as a new
suit or keeping in place any of the original provisions or rulings. The Normand court held that a
protective order was not a final judgment because throughout the order's existence, its terms and
conditions were subject to change by the trial court. 940 S.W.2d at 403. The Normand court
concluded that mandamus was the proper appellate procedure to challenge a protective order and
dismissed the appeal for lack of jurisdiction. Id. at 404. (3) 

 Other appellate courts have addressed protective orders similar to the one in
Normand, that is, protective orders rendered and effective in the absence of a divorce proceeding
pending between the parties. Analyzing the situation differently, these courts have held that the
protective orders provided injunctive relief and disposed of all issues and parties, thereby rendering
them final judgments for purposes of appellate jurisdiction. These courts reasoned that, by looking
closely at the character and function of Family Code protective orders, the fact that (1) by statute and
by their terms these orders expired within a set period of time, and (2) during their existence they
were continually subject to modification by the trial court, did not affect the finality status of
protective orders for purposes of appellate jurisdiction. See James v. Hubbard, 985 S.W.2d 516, 518
(Tex. App.--San Antonio 1998, no pet.) (although protective order granted mother-in-law can be
modified, substantively it is permanent injunction because duration does not require further court
order); see also In re Cummings, 13 S.W.3d 472, 474-75 (Tex. App.--Corpus Christi 2000, no pet.)
(expired post-divorce protective order capable of repetition yet evading review disposed of all issues
and parties and was final judgment); Cooke v. Cooke, 65 S.W.3d 785, 786 (Tex. App.--Dallas 2001,
no pet.) ("The simple fact that [a post-divorce protective] order may be modified does not suggest
the trial court has not finally disposed of all the issues."); Winsett v. Edgar, 22 S.W.3d 509, 509
(Tex. App.--Fort Worth 1999, pet. denied) (per curiam) (post-divorce protective order disposed of
all issues and parties). But see Qwest Communications Corp. v. AT&T Corp., 24 S.W.3d 334, 337
(Tex. 2000) (criticizing reasoning in James and noting that duration is only one factor in determining
character and nature of order). Two other courts adopted the reasoning in James without mentioning
whether a divorce proceeding was pending between the parties. See Kelt v. Kelt, 67 S.W.3d 364, 366
(Tex. App.--Waco 2001, no pet.) (protective order rendered for wife due to child's statement during
counseling session regarding abuse by father, but no suggestion divorce action filed); Striedel v.
Striedel, 15 S.W.3d 163, 165 (Tex. App.--Corpus Christi 2000, no pet.) (protective order rendered
for wife while living separately from husband). 

 Whatever the disparity in those cases, at least one court of appeals has held that any
protective order rendered during the pendency of a divorce is not a final judgment for purposes of
appellate jurisdiction. Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex. App.--El Paso 1997, no writ). The
Ruiz court held that absent any explicit statutory authority providing for appeal of a protective order,
the court was without jurisdiction over the appeal. Id. (citing Hughey v. Hughey, 923 S.W.2d 778,
779 (Tex. App.--Tyler 1996, writ denied)). The Ruiz court held that mandamus is the proper
appellate procedure to review complaints about a protective order that is in effect while the parties'
divorce proceeding remains pending in the trial court. 946 S.W.2d at 124. We find the reasoning
in Ruiz persuasive. 

 We recognize that in Ruiz, the trial court that rendered the protective order had
transferred the order to the court wherein the divorce proceeding between the parties was pending. 
See Tex. Fam. Code Ann. §§ 85.064, .065. Here there is yet to be a transfer of the protective order
to the court where the parties' divorce is pending. This distinction, however, makes no difference
in the analysis. Under the Family Code's statutory scheme relating to protective orders rendered
during the pendency of a divorce proceeding, either the original court that rendered the protective
order or the court to which the protective order may be transferred has the power to modify the terms
and conditions of the order throughout its existence. See id. §§ 85.065(c), 87.001.

 Unlike other modification actions in the family law arena, e.g., motions to modify
support or conservatorship, which have been legislatively designated as "new suits" thereby making
the original orders and the modification orders final and appealable, motions to modify protective
orders do not enjoy such an explicit legislative designation. Further, the Texas Supreme Court has
yet to declare that protective orders are final judgments for purposes of appellate jurisdiction. 
Finally, the legislature has not designated protective orders as appealable interlocutory orders. 

 We hold that a protective order rendered during the pendency of the parties' divorce
is not a final judgment for purposes of appeal. In effect, these orders are interlocutory orders for
which the law provides no appeal. We conclude that there is no final judgment due to the ongoing
power and ability of the trial court to revise any provision in the protective order at any time before
it expires. We concur with the dissenting opinion in Striedel that there are sound reasons for the trial
court to maintain its ongoing modification power over the issues and parties. "The nature of a
protective order and the ills it seeks to eradicate require the relief it provides to be tailored and
revised to suit dynamic conditions and often volatile circumstances." Striedel, 15 S.W.3d at 168
(Yanez, J., dissenting). The trial court's retained power to modify the order at any time casts doubt
upon the finality of the order. When it issues a protective order while a divorce between the parties
remains pending, the trial court has not finally disposed of all the issues and parties before the court. (4)
Kean's motion reflects that there is an associated divorce proceeding pending, as well as a related
criminal matter. The parties have made efforts to mediate their divorce which could resolve their
disputes. Kean's motion reflects that there are ongoing issues between the parties making appeal
of this order premature. 


Conclusion


 We hold that we are without jurisdiction to review the protective order Kean Bilyeau
seeks to appeal while his divorce is pending. Further, we hold that mandamus is the proper
procedure for appellate review of a family violence protective order in effect while the parties'
divorce is pending in the trial court. Kean's original motion and his amended motion to extend time
to file his notice of appeal are dismissed. Tamera's motion to dismiss the appeal for want of
jurisdiction is granted. The appeal is dismissed for want of jurisdiction.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed For Want of Jurisdiction

Filed: July 26, 2002

Publish
1.   The county attorney for Travis County applied for the protective order on behalf of Tamera.
See Tex. Fam. Code Ann. §§ 81.007, 82.002(d)(1) (West Supp. 2002). We, however, refer to
Tamera as the appellee. 
2.   The order further provides that if Kean is incarcerated on the expiration date of the order,
then the order shall remain in effect for one year after his release. 
3.   The Tenth Court of Appeals revisited this issue in Kelt v. Kelt, and reversed its position in
Normand, determining that a protective order is a final judgment, and that it indeed had jurisdiction
to review a protective order by appeal. 67 S.W.3d 364 (Tex. App.--Waco 2001, no pet.) (father
appealed protective order rendered for wife after child's statement in counseling session regarding
abuse by father).
4.   Although we question whether these orders are properly appealable in any event, we limit
our decision to the facts before us. We reserve the issue of whether a protective order rendered post-divorce or in the absence of a pending divorce between the parties is within our jurisdiction to review
by appeal as that issue is not presented here.