COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

RUBEN ESCOBAR,
)
 No. 08-03-00348-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 65th District Court

)


DORA ESCOBAR,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 2003CM3401)


MEMORANDUM OPINION



 Ruben Escobar appeals a protective order granted in favor of his wife, Dora Escobar. He
complains that there is no evidence to support the finding of family violence and that the trial court 
considered issues irrelevant to the issuance of a protective order. Finding that we lack jurisdiction,
we dismiss the appeal. 

FACTUAL SUMMARY


 Because we resolve this matter on the basis of procedural rather than evidentiary matters, we
shall not detail the specifics of the testimony or the order. Relevant to our analysis is that Dora
sought and obtained a protective order against Ruben on June 20, 2003. By its terms, the order
expires on June 19, 2005. At the hearing below, the trial court inquired as to whether a divorce was
pending. Dora's attorney responded that her client had indeed filed for divorce. 


JURISDICTION


 Appellate courts generally have jurisdiction over final judgments and such interlocutory
orders as the Legislature deems appealable. Tex.Civ.Prac.&Rem.Code Ann. §§ 51.012, 51.014
(Vernon 1997); Hughey v. Hughey, 923 S.W.2d 778, 779 (Tex.App.--Tyler 1996, writ denied). A
judgment is final and appealable if it disposes of all parties and all issues. Jobe v. Lapidus, 874
S.W.2d 764, 765 (Tex.App.-- Dallas 1994, writ denied). A protective order granted while a divorce
action is pending between the same parties is not a final judgment because it does not dispose of all
issues in the case and must be classified as an unappealable interlocutory order. Ruiz v. Ruiz, 946
S.W.2d 123, 124 (Tex.App.--El Paso 1997, no pet.). Id. While Ruiz involved consolidation of an
application for protective order and a divorce, at least one court has determined that protective orders
issued while a divorce is pending are unappealable interlocutory orders regardless of whether the
actions have been consolidated. Bilyeu v. Bilyeu, 86 S.W.3d 278, 282 (Tex.App.--Austin 2002, no
pet.). We conclude that we have no jurisdiction and dismiss the appeal.



April 8, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.