Dismissed and Opinion filed May 15, 2008








Dismissed
and Opinion filed May 15, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00991-CV

____________

 

JOHN S. MASON, Appellant

 

V.

 

PATRICIA A. MASON, Appellee

 



 

On Appeal from the
308th District Court

Harris County, Texas

Trial Court Cause No.
2006-67963

 



 

O P I N I O N

This is
an attempted appeal from an interlocutory order signed October 31, 2007,
confirming an arbitration award on temporary orders entered in a pending
divorce and suit affecting the parent-child relationship (SAPCR).  Because we
lack jurisdiction over this interlocutory appeal, we dismiss.








Texas
strongly encourages alternative dispute resolution, particularly in family law
matters.  See Tex. Civ. Prac. & Rem. Code Ann. ' 154.002 (Vernon 2005).[1] 
The Family Code expressly permits binding arbitration in divorce and SAPCR
cases.  See Tex. Fam. Code Ann. '' 6.601, 153.0071 (Vernon 2005 &
Supp. 2007).[2]

The parties agreed to mediate before Judge Maryellen Hicks
and reached an agreed binding mediated settlement agreement (MSA) as to
temporary orders pending conclusion of the divorce.  The agreement provided
that if any dispute arose as to the entry of the temporary orders, the dispute
would be resolved in binding arbitration before Judge Hicks.  Specifically, the
MSA provided as follows:  

Said Arbitrator may decide what constitutes substantial compliance with
all terms, and any omitted terms, of this Agreement that were discussed and
agreed upon in the mediation.  Maryellen W. Hicks may make disposing decisions
concerning the language of this Order and submit the draft approved by her to
the Court for signature and entry.

 

Appellant was ordered to pay certain fees, including
attorney=s fees, as part of
the MSA, and the parties returned to arbitration when a dispute arose over
compliance with these orders.  It is from the confirmation of the arbitration
award ordering compliance with the temporary orders that this appeal arises.[3]








Generally, appeals may be taken only from final judgments. 
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Interlocutory orders may be appealed only when expressly permitted by statute. 
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001);  Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992)
(orig. proceeding ).  Texas courts strictly construe statutes authorizing
interlocutory appeals.  America Online, Inc. v. Williams, 958 S.W.2d
268, 271 (Tex. App.CHouston [14th Dist.] 1997, no writ). 

The
Texas Family Code specifically precludes the interlocutory appeal of temporary
orders, except those appointing a receiver.  See Tex. Fam. Code Ann. ' 6.507 (Vernon 2006); see also Tex.
Fam. Code Ann. ' 105.001(e) (Vernon 2006) (stating temporary orders in suits
affecting the parent‑child relationship are not subject to interlocutory
appeal).  Because it appeared to this court that appellant is attempting to
appeal temporary orders, which the Family Code expressly prohibits,
notification was transmitted to the parties of this court=s intention to dismiss the appeal for
want of jurisdiction unless appellant filed a response demonstrating grounds
for continuing the appeal.  See Tex. R. App. P. 42.3(a).  








Appellant
filed a response to our notice, asserting that the appeal is permitted by
Section 171.098 of the Texas Civil Practice & Remedies Code, which provides
for an appeal of an order confirming an arbitration award.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.098(a) (Vernon 2005).  Section
311.026 of the Texas Government Code provides that when two statutes are in
conflict with each other, the specific statute Aprevails as an exception to the
general@ statute.  Tex. Gov=t Code Ann. ' 311.026(b) (Vernon 2005).  Applying
this principle, Texas courts of appeals have held that the specific Family Code
provision limiting temporary order appeals controls over the general statute in
the Civil Practice and Remedies Code permitting interlocutory appeals from
temporary injunctions.  See, e.g., Marley v. Marley, No.
01-05-00992-CV, 2006 WL 3094325, at *2 (Tex. App.CHouston [1st Dist.] 2006, pet.
denied) (mem. op.) (holding section 51.014(4) of the Civil Practice and
Remedies Code permitting appeals from temporary injunctions did not control
over prohibition in section 6.502 of interlocutory appeals from temporary
orders in divorce proceedings);  Cook v. Cook, 886 S.W.2d 838, 839 (Tex.
App.CWaco 1994, no writ) (rejecting
argument that section 51.014(4) allowed an interlocutory appeal from temporary
orders issued under Family Code section 3.58, the identical former version of
section 6.502).  Because sections 6.507 and 105.001(e) of the Family Code apply
specifically to divorce and SAPCR proceedings, they prevail over the
application of the general arbitration statute, section 171.098 of the Civil
Practice and Remedies Code. 

Appellant
also asserts that the Family Code prohibition on appeals from temporary orders
does not apply because the order being appealed is not an order entered under
Title 1, Subchapter F of the Family Code, governing Temporary Orders, but is
instead under Subchapter G, providing for alternative dispute resolution,
including arbitration.  This argument ignores the fact that the arbitration in
this case concerned temporary orders entered during the pendency of the
divorce. 

We hold
that the trial court=s order confirming a binding arbitration order entered during
the pendency of a divorce and SAPCR proceeding may not be challenged by
interlocutory appeal.  Therefore, we lack jurisdiction over this appeal.

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Opinion filed May 15, 2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 









[1]  AIt is the
policy of this state to encourage the peaceable resolution of disputes, with
special consideration given to disputes involving the parent‑child
relationship, including the mediation of issues involving conservatorship,
possession and support of children, and the early settlement of pending
litigation through voluntary settlement procedures.@  Tex. Civ. Prac. & Rem. Code Ann. ' 154.002 (Vernon 2005).

 





[2]  AOn written
agreement of the parties, the court may refer a suit for dissolution of a
marriage to arbitration.  The agreement must state whether the arbitration is
binding or nonbinding.@  Tex. Fam. Code Ann. ' 6.601 (Vernon 2005); see also Tex. Fam. Code Ann. ' 153.0071 (Vernon Supp. 2007) (same for a SAPCR).





[3] AIf the parties
agree to binding arbitration, the court shall render an order reflecting the
arbitrator=s award.).  Tex. Fam. Code Ann. ' 6.601(b) (Vernon  2005).  AIf the parties agree to binding arbitration, the court
shall render an order reflecting the arbitrator=s award unless the court determines at a non-jury hearing that the
award is not in the best interest of the child.@  Tex. Fam. Code Ann. ' 153.0071(b)
(Vernon Supp. 2007)