Marklinger v. Marklinger 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-167-CV

     STEPHEN LEE MARKLINGER,
                                                                                              Appellant
     v.

     LINDA JOYCE MARKLINGER,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 5596-87-C
                                                                                                    

O P I N I O N
                                                                                                    

      Stephen Lee Marklinger ("Stephen") appeals the denial of his motion for a default judgment
and his request to appear by telephone at the default judgment hearing. Generally, we possess
appellate jurisdiction over appeals from final judgments and such interlocutory appeals as the
legislature has deemed appealable. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1986)
and § 51.014 (Vernon Supp. 1997); Hughey v. Hughey, 923 S.W.2d 778, 779 (Tex. App.—Tyler
1996, writ denied). Section 51.014 provides the general interlocutory appeal jurisdiction. This
section provides:
A person may appeal from an interlocutory order of a district court, county court at law,
or county court that:
(1) appoints a receiver or trustee;
(2) overrules a motion to vacate an order that appoints a receiver or trustee;
(3) certifies or refuses to certify a class in a suit brought under Rule 42 of the
Texas Rules of Civil Procedure;
(4) grants or refuses a temporary injunction or grants or overrules a motion to
dissolve a temporary injunction as provided by Chapter 65;
(5) denies a motion for summary judgment that is based on an assertion of
immunity by an individual who is an officer or employee of the state or a
political subdivision of the state; or
(6) denies a motion for summary judgment that is based in whole or in part
upon a claim against or defense by a member of the electronic or print media,
acting in such capacity, or a person whose communication appears in or is
published by the electronic or print media, arising under the free speech or free
press clause of the First Amendment to the United States Constitution, or Article
1, Section 8, of the Texas Constitution, or Chapter 73.
Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A denial of a default judgment does not fall
within the parameters for interlocutory review under Section 51.014.
      An order which purports to dispose of all issues and all parties is a final appealable order. 
State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1995); Jobe v. Lapidus, 874 S.W.2d
764, 765 (Tex. App.—Dallas 1994, writ denied). In a final judgment, no further action by the
trial court will be necessary to settle and determine the entire controversy. Retana v. Tanner, 869
S.W.2d 669, 670 (Tex. App.—San Antonio 1994, no writ). The denial of a default judgment
simply means that the trial court must take further action in the future to settle the issues between
the parties. Therefore, this denial is not a final judgment.
      Stephen carried the burden to bring forward an adequate record to support his appeal. Ruiz
v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86, 90 (Tex. App.—San Antonio 1994, no
writ). Nothing in the record before us indicates we have jurisdiction over this appeal. Therefore,
we dismiss this case for want of jurisdiction.
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed April 2, 1997.
Do not publish