Leslie Stanley COOKE, Appellant,

v.

Terri Lee COOKE, Appellee.

No. 05–00–01925–CV.

Court of Appeals of Texas, Dallas.

Dec. 13, 2001.

Rehearing Overruled Feb. 4, 2002.

James B. Martin, Attorney At Law, Dallas, for Appellant.

Lori L. Ordiway, Asst. Dist. Atty., John R. Rolater, Jr., Asst. Dist. Atty., Dallas, for Appellee.

Before Justices KINKEADE, RICHTER, and FRANCIS.

## OPINION

RICHTER, Justice.

This case involves the appeal of a protective order rendered against Leslie Stanley Cooke pursuant to the Texas Family Code. According to Mr. Cooke, the trial court erred in denying his motion to dismiss, denying his objection to the judge, and failing to transfer the case to the original divorce court. The State brought this action on behalf of Terri Lee Cooke, Mr. Cooke's former wife. The State contends we lack jurisdiction to review the protective order. We conclude we have jurisdiction, and the trial court did not err in rendering the protective order. Therefore, we affirm the trial court's order.

### BACKGROUND

The relevant facts of this case are simple and undisputed. In late 1999, Mr. Cooke filed a petition for divorce. The divorce action ended in April 2000, with an agreed final divorce decree. In May 2000, the State filed an application for a protective order on behalf of Ms. Cooke, requesting that Mr. Cooke be enjoined from certain activities. The trial court rendered the requested protective order in June 2000, and this appeal followed.

## JURISDICTION

The first question we must decide is whether we have jurisdiction to review protective orders rendered pursuant to the Texas Family Code. *See* TEX. FAM.CODE ANN. § 81.001 (Vernon Supp.2002). Generally, protective orders brought pursuant to the family code are in effect for the period stated in the order, which may not exceed two years. TEX. FAM.CODE ANN. § 85.025(a)(1) (Vernon Supp.2002). If the person against whom the protective order is sought is confined or imprisoned on the date the protective order expires, the period for the protective order is extended until the first anniversary of the date the person is released from confinement or imprisonment. *Id.* § 85.025(c). "A person who is the subject of a protective order may file a motion not earlier than the first anniversary of the date on which the order was rendered requesting that the court review the protective order and determine whether there is a continuing need for the order." *Id.* § 85.025(b).

Our sister courts of appeals are split on the issue of whether these protective orders are appealable. *Compare, e.g., James v. Hubbard*, 985 S.W.2d 516, 517–18 (Tex. App.—San Antonio 1998, no pet.) (holding protective orders are appealable), *with Normand v. Fox*, 940 S.W.2d 401, 404 (Tex.App.—Waco 1997, no writ) (holding protective orders are not appealable). In published opinions, a majority of courts have concluded such orders are appealable as permanent injunctions. The State, in agreement with the minority position, argues a protective order is interlocutory, because the trial court retains the authority to change the order as long as it is in effect.

In general, we have jurisdiction to review final and definite judgments. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985). A final judgment fully disposes of all issues and all parties. *Id.* (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966)). In contrast, an interlocutory judgment or order is one that fails to dispose of all issues and parties. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993), *overruled on other grounds, Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 204 (Tex.2001). We may only review interlocutory orders when provided by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (orig.proceeding).

The courts of appeals that hold a protective order is final and appealable rely on the theory that when a protective order disposes of all issues and parties, it is essentially a final permanent injunction. *See Pena v. Garza*, 61 S.W.3d 529, 530–31 (Tex.App.—San Antonio 2001, no pet. h.); *Winsett v. Edgar*, 22 S.W.3d 509, 510 (Tex. App.—Fort Worth 1999, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163, 165 (Tex.App.—Corpus Christi 2000, no pet.); *In re Cummings*, 13 S.W.3d 472, 474–75 (Tex.App.—Corpus Christi 2000, no pet.); *Hubbard*, 985 S.W.2d at 517–18. According to some of these courts, an injunction is permanent when the duration of the injunctive relief does not depend on any further action of the court. *See Pena*, at 530–31; *Striedel*, 15 S.W.3d at 164; *In re Cummings*, 13 S.W.3d at 475; *Hubbard*, 985 S.W.2d at 517–18 (citing *Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ)). Even though not labeled as a permanent injunction, an order may be classified as such as long as the character and the function of the order is in the nature of a permanent injunction. *Hubbard*, 985 S.W.2d at 518 (citing *In re Johnson*, 961 S.W.2d 478, 480 n. 1 (Tex.App.—Corpus Christi 1997, no writ)).

In contrast to the theory that protective orders are appealable, one court of appeals

has held these protective orders are not final and not appealable, primarily because the trial court retained authority to modify the order. *See Normand,* 940 S.W.2d at 402–03.[1] During the effective period of a protective order, the trial court retains the power and jurisdiction to modify the order by either deleting or adding items to the order. Tex. Fam.Code Ann. § 87.001 (Vernon Supp.2002). In contrast, a final judgment must settle all disputed material issues between the parties that require the exercise of judicial discretion. *Normand,* 940 S.W.2d at 403. The *Normand* court held that, because the trial court retains the power to modify, a protective order does not settle all issues requiring judicial discretion and, therefore, is interlocutory, rather than final. *See id.* According to this reasoning, mandamus is the appropriate remedy to challenge protective orders. *See id.* at 404.

■■■■ We disagree that the trial court's continuing discretion to modify a protective order clouds the order's finality and prevents it from being appealable. A trial court also retains jurisdiction to review, open, vacate, or modify a permanent injunction upon a showing of changed conditions. *See City of San Antonio v. Singleton,* 858 S.W.2d 411, 412 (Tex.1993) (citing *Smith v. O'Neill,* 813 S.W.2d 501, 502 (Tex. 1991)). However, while the trial court may vacate a permanent injunction, it may not similarly vacate a protective order on the motion of a party until at least one year after the order was rendered. *See* Tex. Fam.Code Ann. § 85.025(b). The trial court's jurisdiction during the first year of a protective order is limited to modification of the order. *See id.* § 87.001. This ability to modify does not convert an otherwise final order into an interlocutory one

as long as the order disposes of all issues and parties. The disposition of the parties and issues, not the retention of jurisdiction, determines the status of an order. The simple fact that an order may be modified does not suggest the trial court has not finally disposed of all the issues. After reviewing both sides of the issue, we hold a protective order rendered pursuant to the family code is a final, appealable order as long as it disposes of all parties and all issues. Our holding does not depend on the classification of an injunction; therefore, the supreme court's analysis of the majority position's reasoning does not affect our holding. *See generally Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000) (holding whether an injunction is effective for a fixed period of time or until further order of the court or final judgment is only one of the factors used in determining the status of an order).

We now turn to the facts of this case to determine whether the present protective order disposed of all parties and all issues. The State sought a protective order to prohibit Mr. Cooke from (1) committing family violence; (2) communicating with Ms. Cooke in a threatening or harassing manner; (3) communicating a threat to Ms. Cooke through any person; and (4) going within 500 feet of Ms. Cooke's residence or place of employment. The State also requested reasonable attorney's fees and costs. The trial court rendered the protective order, specifically enjoining Mr. Cooke from each of the four activities requested in the application for protective order. In addition, the trial court ordered Mr. Cooke to pay court costs and attorney's fees and to complete a batterer's intervention and prevention counseling

---

1. We acknowledge that this Court has addressed this issue in an unpublished opinion and concluded these protective orders are not appealable. Our previous opinion has no precedential value and may not be cited as authority. *See* Tex.R.App. P. 47.7.

program. The protective order is effective for two years.

We conclude, based on our review of the application for protective order and resulting order rendered by the trial court, all issues and parties were disposed of. Therefore, the order is a final, appealable order. The trial court's retention of authority to modify the order does not prohibit this appeal. Furthermore, while the protective order is strikingly similar to a permanent injunction, we need not classify it specifically as a permanent injunction. A permanent injunction, like this particular protective order, is appealable based on its disposal of all parties and all issues, not simply based on its classification as a permanent injunction. Because all issues and parties were disposed of in this case, the order is a final, appealable order, and, therefore, we have jurisdiction.

### MOTIONS TO DISMISS AND TRANSFER; OBJECTION TO JUDGE

■ In Mr. Cooke's first three points of error, he contends the trial court erred in failing to grant his motion to dismiss, objection to the judge, and motion to transfer.[2] These three points are based on Mr. Cooke's assertion that the 301st Judicial District Court, the court in which the original divorce proceedings occurred, should have also heard the application for protective order.

The family code provides

[i]f a final order has been rendered in a suit for dissolution of marriage or suit affecting the parent-child relationship, an application for a protective order by a party to the suit against another party to the suit filed after the date the final order was rendered, and that is filed in

the county in which the final order was rendered, shall be filed in the court that rendered the final order.

TEX. FAM.CODE ANN. § 85.063 (Vernon Supp.2002). Mr. Cooke filed the original divorce action in the 301st Judicial District Court, the court that also rendered the final divorce decree. The State placed both the original cause number of the divorce action and a second cause number directed at the 292nd Judicial District Court at the top of the application for protective order. In the top right hand column of the application, the State stated the application was "filed in the 301st Judicial District Court."

During the hearing on the motion to dismiss, Mr. Cooke called David Daniels, Dallas County deputy district clerk, to testify. Daniels was the only witness to testify at the hearing, and no further evidence was presented by either side. Daniels testified he had personal knowledge of the process for filing protective orders in Dallas County. According to Daniels, when a protective order is filed after there has been a previous divorce suit, a clerk gives the protective order a cause number and also references the previous family court number. The protective orders are "all filed in the 292nd [court] strictly for computer reasons." Daniels testified this particular protective order contained the caption "filed in the 301st Judicial District Court," because the 292nd court is "working under the jurisdiction of the family courts." He admitted he had no knowledge as to whether the protective order documents were physically located in the 301st court, in addition to being located in the 292nd court. However, according to Daniels, the protective order papers are

2. Mr. Cooke filed one motion entitled "Motion to Dismiss and Objection to Visiting Judge." In this motion, he also requested the trial court to transfer the case. Each of his first three points of error complains about the trial court's failure to grant any of the relief requested in this motion.

not physically located with the original divorce case. He testified this system of having the 292nd court review all protective orders was approved by the family court judges. In Daniels's opinion, this particular protective order was filed in the 301st court.

The family code requires that all applications for protective orders involving parties to a prior divorce action must be filed in the court that rendered the final divorce decree. *See* TEX. FAM.CODE ANN. § 85.063. The plain language of the statute requires the application to be *filed* in the same court as the prior proceeding. However, the statute does not prohibit the transfer or reassignment of the case. The statute also does not require the protective order to actually be heard and ruled upon by the original divorce court.

The only evidence submitted during the motion to dismiss hearing was the testimony of Daniels. This testimony established the State actually filed the application in the original court, but then the case was essentially automatically transferred by the clerk's office to the 292nd court, a centralized court to hear all protective orders. Based on this evidence, we conclude the State met the requirements of *filing* the application for protective order in the court that rendered the final divorce decree. We overrule Mr. Cooke's first, second, and third points of error.

### DIVORCE DECREE

■ Mr. Cooke also contends, in a fourth point of error, the trial court erred in conducting trial proceedings on the application for protective order, because the State failed to properly file a copy of the divorce decree.

An applicant for a protective order who is a former spouse of the individual alleged to have committed family violence must include the following with the application:

(1) a copy of the decree dissolving the marriage, or (2) a statement that the decree is unavailable to the applicant and a copy of the decree will be filed with the court before the hearing on the application. TEX. FAM.CODE ANN. § 82.006 (Vernon Supp.2002). Mr. Cooke contends the State included the statement that the decree was unavailable and would be filed before the hearing on the application, but it did not actually file the decree before the hearing.

The application for protective order, filed on May 1, 2000, stated, "[t]he decree dissolving any marriage herein, if not attached, is unavailable to the Applicant at this time, but a copy of the decree will be filed with this Court before the hearing on the application." Therefore, the State fulfilled the requirements in section 82.006. In addition, the clerk's record includes a copy of the divorce decree bearing a file stamp date of May 1, 2000. The trial court heard the application for protective order on June 1, 2000. Therefore, the State also actually filed the decree before the hearing on the application. We overrule Mr. Cooke's fourth point of error.

### CONSTITUTIONAL CHALLENGE

■ In a final point of error, Mr. Cooke asserts equal protection challenges. During oral argument, Mr. Cooke conceded he did not raise this argument at the trial court and does not have a right to raise this point on appeal. *See* TEX.R.APP. P. 33.1. We overrule Mr. Cooke's fifth point of error.

### CONCLUSION

Having concluded we have jurisdiction in this case and having overruled each of Mr. Cooke's five points of error, we affirm the trial court's judgment.