JUAN MIGUEL MATA # 1732873
McCONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102



August 27,2015

COURTS OF APPEAL
FOURTH COURT OF APPEALS DISTRICT
**ATT: HONORABLE KEITH HOTTLE: CHIEF CLERK**
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TX. 78205-3037

RE:  TRIAL NO: 2714
     COURT OF APPEALS NO:  04-15-00366-CV
     STYLE:  MARIA ELENA MATA
             V.
             JUAN MIGUEL MATA

Dear Honorable Hottle;

     Please accept the enclosed foregoing instrument of Appellant Brief. Could
you file these document and docket them, bringing them to the attention of the
Honorable Court.

     Before filing these brief could you, please attach a copy of all the appendixes
filed in the previous proceeding of a Writ of Mandamus No. 04-15-00214-CV. I
have cross reference everything from these number to these appeal no. 04-15-00366-CV.

     A copy of the same has been forwarded; Hand delivered to the attorney at
record, County Attorney Daniel Gonzalez, for Maria Elena Mata.

     My apology for the inconvenience if any about attaching copies that have
been filed in the Writ of Mandamus. Your valuable time and consideration is
greatly appreciated, if you have any questions or information, please do not
hestitate to contact me at the above address.

                                        Sincerely;

                                        JUAN MIGUEL MATA # 1732873
                                        APPELLANT: PRO SE

ENCLOSURE: APPELLANT BRIEF
           APPENDIX (copy of the ORDER)
           COPY OF NOTICE OF INTENT w/ MOTION TO SIGN ORDER
           COPY OF DECLARATION TO INABILITY TO PAY ANY COST

cc; FILE
    DANIEL GONZALEZ: DIMMIT COUNTY ATTORNEY & ATTORNEY FOR APPLICANT MARIA ELENA MATA
    FOURTH COURT OF APPEALS: SAN ANTONIO, TEXAS

TRIAL NO. 2714

APPEAL NO. 04-15-00366-CV

TO THE FOURTH COURT OF APPEALS

COURTS OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF

JUAN MIGUEL MATA - APPELLANT

VERSUS

MARIA ELENA MATA-APPELLEE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIEF FOR

AN APPEAL

[ORAL ARGUMENT NOT REQUESTED]

JUAN MIGUEL MATA, # 1732873
APPELLANT, PRO SE
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102-8696

## IDENTITIES OF THE PARTIES

JUAN MIGUEL MATA-                                 APPELLANT
TDCJ-ID # 1732873
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS  78102

MARIA ELENA FRAZIER f.k.a.                             APPELLE
MARIA ELENA MATA
P.O. BOX 344
BURLEY, IDAHO  83318

DIMMIT COUNTY COURTHOUSE-                 ATTORNEY FOR APPELLE
c/o DANIEL GONZALEZ; COUNTY ATTORNEY
103 NORTH 5th STREET
CARRIZO SPRINGS, TEXAS  78834

## TABLE OF CONTENTS

IDENTITIES OF PARTIES . . . . . . . . . . . . . . . . . . . page 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . page 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . page 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . page 6

ANY STATEMENT REGARDING ORAL ARGUEMENT . . . . . . . . . . . page 7

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . page 8

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . page 10

SUMMARY OF ARGUEMENT . . . . . . . . . . . . . . . . . page 12

ARGUEMENT . . . . . . . . . . . . . . . . . . . . page 13

PRAYER . . . . . . . . . . . . . . . . . . . . . . . page 18

APPENDIXES . . . . . . . . . . . . . . . . . . . . page 19

## INDEX OF AUTHORITIES

AUTHORITIES                                                                          PAGES

1.   Cooke v. Cooke (Tex.App.-Dallas 2001) . . . . . . . . . . . . . . .   13
     65 S.W. 3d 785

2.   In Re Cummings (Tex.App.-Corpus Christi 2000) . . . . . . . . . . . . 14
     13 S.W. 3d 472

3.   James v. Hubbard (Tex.App.-San Antonio 1998) . . . . . . . . . . . .14
     985 S.W. 2d 516

4.   Pena v. Garza (Tex. App.-San Antonio 2001) . . . . . . . . . . . . . 13
     61 S.W. 3d 529

5.   Striedel v. Striedel (Tex. App.-Corpus Christi 2000) . . . . . . . . 14
     15 S.W. 3d 163

6.   Williams v. Williams (Tex.App.-Fort Worth 2000) . . . . . . . . . . .14
     19 S.W. 3d 544

7.   Vongontard v. Tippit (App. 1 Dist. 2004) . . . . . . . . . . . . . . 11
     137 S.W. 3d 109

8.   Texas Code of Criminal Procedure . . . . . . . . . . . . . . . . .   8,10
     Article 5.05

9.   Texas Civil Practice and Remedies . . . . . . . . . . . . . . . .    8,10
     Section 16.064

10.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . .   12
     Section 71.004

11.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . . 8,11,13
     Section 81.001

12.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . . .   6
     Section 81.009

13.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . 8,11,13
     Section 82.002

14.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . 8,11,13
     Section 85.001

15.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . .   6,8
     Section 85.025(b)

16.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . . .  10
     Section 87.001

17.  Texas Family Code . . . . . . . . . . . . . . . . . . . . . . . . .  10
     Section 105.001

AUTHORITIES                                                              PAGE #

18.  Texas Family Code . . . . . . . . . . . . . . . . . . . . 6,8
     Title 4

19.  Texas Rules of Appellate Procedure . . . . . . . . . . . .   13
     Rule 52 (a)

20.  United States Constitution . . . . . . . . . . . . . . . .   9
     14th Amendment

## STATEMENT OF CASE

Appellant, Juan Miguel Mata seeks an appeal, on grounds that this Protective Order No. 2714, is not in accordance to **Tex. Fam. Statutes, Title 4.** Appellant agreed to this protective order, on insunations of the judge presiding in Dimmit County Court. The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarity or unreasonably, or when its ruling is based on factual assertions unsupported by the record. Appellant **NO** longer AGREES. Appellant has sought review through properly filed motions by a third party servicing them to the County Clerks' Office, as follows are motions filed, Motion to Modify, Motion to Quash, Motion to Examine Evidence, Motion to Object, Motion to Sign Orders, and Motion to Appeal. The trial court has acted bias toward the Appellant and has neglected the Honorable Francisco G. Ponce ministerial duties to rule and make a just determination, so therefore Appellant desires to enter this appeal pursuant to **Tex. Fam. Code** § 81.009, for purposes of this ORDER be review, upon a hearing pursuant to § 85.025(b); **Tex. Fam. Code.**

Appellant has filed a Writ of Mandamus in these Honorable Court in where Honorable Francisco G. Ponce voluntary recusal himself, and this Writ of Mandamus is currently active under Court of Appeal No. 04-15-00214-CV. **Please see files for APPENDIXES** cross reference to the references mentioned in this BRIEF.

## ANY STATEMENT REGARDING ORAL ARGUMENT

Appellant objects to oral argument to be permitted. Protective Order No. 2714 can be clearly and evidently seen that NO family violence was found in the trial courts' findings, upon the State presenting the Application to the Dimmit County Court. Evidence can be seen on page 2 of the ORDER, where the trial judge scratched out the marking [X] that was presented by the Appellees' Attorney, and can be compare to the signing of the presiding judge on page 6 to page 2 initials. Please see Appendix "A", Id. pg 2, 6.

No attachments were made by the Dimmit County Attorney at time of presenting evidence. To be more precise, NO REPORTS and or RECORDS were presented, to the trial court from a law enforcement agency to sustain any argument from the State, therefore appellant on evidence that the State and trial court have judicially neglected the desposition of all motions filed, and has brought evidence to compel Honorable Francisco G. Ponce on a previous Writ of Mandamus No. 04-15-00214-CV. Appellants' confinement impairs the opportunity to be presently present on any oral argument, and appellant feels if oral argument is allowed; by any electronic communication would not be as effective to present and have a fair hearing, and cross examine any witness.

## ISSUE PRESENTED

Appellee's attorney has Exercise Effect of Lack of Jurisdiction pursuant to §16.064; Tex. Civ. Prac. and Rem. Appellee is a non-resident of the State of Texas since May 19,2014, Please see Appendix "J", defined as a Sworn Declaration to be a resident of the State of Idaho. Appellees' attorney entered a Motion to Extend, exercising jurisdiction over non-resident on September 16,2014, and the Honorable Judge Francisco G. Ponce exercise conflict of interest by hearing this action and signing ORDER, despite that his Son Michael A. Ponce had been attorney of record on Appendix "K", also please see Appendix "B".

Appellee's attorney did not entered evidence as described on **Tex. Code of Crim. P., Article 5.05,** to support Appelle allegations filed on a separate sheet to these application of a protective order.

Trial Court VIOLATED **Tex. Fam. Statutes, Title 4,** where NO Family Violence was found in the trial courts' Findings, and issued an ORDER against the Texas statutes, so therefore these ORDER is in VIOLATION to the following statutes; **Tex. Fam. Code §81.001,** which clearly states, " A court SHALL render a Protective Order as provided by **Tex. Fam. Code §85.001,** states IF the court FINDS that Family Violence has Occurred and is likely to Occur in the future." Pursuant to **Tex. Fam. Code §82.002,** entitled "Who May File Application."

Trial Court has judicially neglected all his ministerial duties on not rendering a desposition on the motions properly filed with the Dimmit County Clerk, and upon his discretion of issuing these ORDER, the court has altered the statutes prescribed within the law. In accordance to **Tex. Fam. Code §85.025(b);** states that "a person who is subject of a protective order may file a motion not earlier than the first anniversary of the date on which the ORDER was rendered requesting that the court review...". The trial court has intentionally VIOLATED Appellants' constitutional rights by not reviewing these ORDER on properly filed

-8-

motion. Please see Appendix "E" and "G".

NO service of citation was ever served on Appelant, to properly inform Appellant in DUE PROCESS: 14th Amend.; U.S. Constitution of the application for a Protective Order or the Extension of the ORDER. Please see Appendix "B thru D".

## STATEMENT OF FACTS

Appellant, Juan Miguel Mata, appeals upon change of conditions that Appellee NO longer resides in the State of Texas.  Please see Appendix "J", Applicants' affidavit of residency of the State of Idaho, filed with Writ of Mandamus # 04-15-00214-CV and all foregoing appendixes here in mentioned in these brief.  The Appelles' Attorney has exercised Effect of Lack of Jurisdiction pursuant to §16.064; Tex. Civ. Prac. and Rem.  According to Tex Fam. Code § 85.005, states a protective order expires on the date the ORDER is ordered to expire, please see Appendix "B" and "C".

Appellant, Juan Miguel Mata, NO longer AGREES to the terms and has requested for a review.  Appellant has entered a Motion to Modify with title Motion to Amend with governing code, pursuant to §87.001; Tex. Fam. Code, on November 3, 2014, please see Appendix "E".  Appellant parent-child relationship has been affected and is causing alienation of love that the children would naturally have for their natural father.

Appellant appeals in conjunction to the lack of reports, and records, in accordance to Tex. Code of Crim. P.; Article 5.05, to demostrate clear and convincing evidence, that evidence was indeed entered to support the allegations made by the Appellee.  Appellant has filed a Motion to Examine Evidence in reference to the allegations presented by Appellee through the attorney of record.  In this Pro Se pleadings, Appellant has requested these reports and records to be entered as evidence IF reports and records were made by a Law Enforcement Agency as described in these statute, describing the events within these Protective Order.  Appellee stated NO Law Enforcement Reports and Records were ever entered with the application, to apply for a protective order. Appellant would like to examine such evidence to sustain this protective order on allegations made by appellee, filed on a separate sheet with the application.

-10-

Appellant has respectfully requested such reports, but no reports or records have ever been rendered, as preponderance of evidence. A motion has been filed since November 3,2014, please see Appendix "E" filed in Writ Brief # 04-15-00214-CV in these Honorable Court. Appellant filed these motion in an omnibus motion for the trial court to review and hear all evidence but Honorable Francisco G. Ponce has refused to hear and review all evidence in his official capacity, so therefore Appellant appeals to these Honorable Court to review these ORDER and OVERTURN the trial courts decision.

Appellant has entered also Motion to Object on February 10,2015, pursuant to §§81.001, 85.001 and §82.002;Tex. Fam. Code, entitled, "Who May File Application," please see appendix "G". The trial court FINDINGS state "NO Family Violence has occurred or is likely to occur." Please See Appendix "A" on page 2. Trial Court upon discretion of his official capacity, signed the ORDER in VIOLATION to Texas Family Statutes and Codes described herein.

Appellant appeals due to the party has filed Motion to Quash on grounds that these protective order is in VIOLATION to Texas Family Statutes described herein, on February 10,2015, and previously had filed a motion on April 14,2015, see Appendix "I", titled, Motion to Appeal and Motion to Quash.

Appellant appeals pursuant to **Vongontard v. Tippitt (App. 1 Dist. 2004),** 137 S.W. 3d 109, in which these protective order is final, appealable due to it disposes of all parties and issues in these case.

## SUMMARY OF ARGUEMENT

Appellant objects to Protective Order No. 2714 for not being in compliance to the Texas statues, the Rules of Procedure are general rules, while statues are specific; thus, when the two conflict, the statue trumps the rule. **Pena v. Garza, 61 S.W. 3d 529.** Also for an applicant to be eligible for a protective order, under the guidelines of the code annotations and statues, family violence has occurred or is likely to occur. The disposition of this ORDER is in complete judicial bias from the trial court because it does not follow the statues, to whom is entitled to such relief, and who can apply. No family violence is found in the trial courts findings as defined to **Texas Family Section 71.004;** as outlined on page 2 of the ORDER, so therefore this ORDER should be VOIDED or QUASH.

Appellant presents these appeal seeking that ORDER No. 2714 be void on arguments and evidence brought by the appellant. Protective Order is in VIOLATION to statutes described in Tex. Fam. § 81.001, "Entitlement to Protective Order", §85.001, "Required Findings and Orders", and § 82.002, "Who May File Application". Within these ORDER NO FAMILY VIOLENCE has been found in the Court Findings, as stated in the ORDER, page 2, under Subtitle, "FINDINGS", the mark [X], the County Attorney presented as Family Violence Occurred; the trial judge scratched over the mark [X] and placed the presiding judges intials. Alternatively, if ORDER will not be VOID, that the ORDER be modified pursuant to §87.001 (a); Tex. Fam. Code and natural, biological children of the Appellant be excluded from the ORDER.

Appellant presents these appeal because the trial court has maliciously acted bias to the request of the appellant. "A party is required to obtain a ruling on the request, objection or motion. Tex. R. App. P. 52(a). Appellant has properly filed these motions in the County Clerk's Office but Appellant has not recieved no desposition. And changed conditions have Occurred.

In general, an appellate court has jurisdiction to review final and definite judgements; a final judgement fully disposes of all issues and all parties. Protective Orders rendered pursuant to family code are final and appealable orders as long as the orders dispose of all parties and all issues. Cooke v. Cooke, 65 S.W. 3d 785 (Tex. App.-Dallas 2001)

On a challenge to the legal and factual sufficiency of the evidence to support the issuance of a protective order, the Court of Appeals applies the usual standards of review, examining the evidence to see if there is any evidence to support the findings, or if the evidence is so weak as to be clearly wrong and manifestly unjust. Pena v. Garza, 61 S.W. 3d 529 (Tex. App.-San Antonio 2001)

The court's objective in interpreting statues is to determine and give full effect to the legislature's intent. If a statue is clear and unambiguous on its face, statutory construction is not necessary, and the statute's words will be given their plain and common meaning. Statues are presumed to have been enacted by the legislature with complete knowledge of existing law and withreference to it. The statutory definition of "court" and the legislature's omission of "jury" and "trier of fact" in family code provisions, providing that the "court" SHALL DETERMINE WHETHER FAMILY VIOLENCE OCCURRED AND RENDER A PROTECTIVE ORDER IF THE "COURT" FINDS FAMILY VIOLENCE, MAKE CLEAR THAT THE LEGISLATURE INTENDED THAT COURTS, NOT JURIES, HAVE THE RESPONSIBILITY OF MAKING THE FINDINGS NECESSARY FOR THE ISSUANCE OF A FAMILY VIOLENCE PROTECTIVE ORDER. **Williams v. Williams 19 S.W. 3d 544 (Tex.App.-Fort Worth 2000).**

Order prohibiting family member from engaging in specified conduct for period of one year was permanent injunction constituting appealable final order even though it was called a "protective order"; duration of injunction did not depend on any further action by court. **James v. Hubbard, 985 S.W. 2d 516**

General principles of due process dictate that a litigant has a right to be heard and that the court must protect that right; opportunity to be heard and present evidence must generally amount to more than a cursory opportunity to cross-examine the other party's witnesses. **Striedel v. Striedel 15 S.W. 3d 163 (Tex.App.-Corpus Christi 2000)**

The Fourth Court of Appeals has recently held that a protective order is one whose "duration does not depend upon further action by the trial court" and, therefore, is "final" for purposes of appelate jurisdiction. **In re Cummings, 13 S.W. 3d 472.**

-14-

On January 20,2011, the Court heard the Application for Protective Order of Maria Elena Mata, applicant. Upon being in the judges' office and not in the County Court. The presiding judge; Honorable Francisco G. Ponce, issued a protective order with NO Family Violence Findings. The ORDER was signed by the influence of Honorable Francisco G. Ponce stating that appellant had the right to hire an attorney but appellant would be wasting his economical resources because it was the judges' discretion, discouraging appellant to counsel with an attorney. Appellant had NO knowledge that statue stated Family Violence has to occur or is likely to occur to be entitled to a protective order, pursuant to the Texas Family statues, so therefore appellant was influenced to sign the ORDER.

On April 10,2015, Appellant filed a Writ of Mandamus to compel Honorable Francisco G. Ponce to act on his ministerial duties. Appellant has properly filed Motion to Modify on November 3,2014 at 2:55P.M. see Appendix "E", Motion to Object on February 10,2015 please see Appendix "G", Motion to Appeal and Motion to Quash on April 14,2015 see Appendix "I", Motion to Sign Order and Notice of Intent on May 15,2015, please see Appendix"M". The Honorable Judge Francisco G. Ponce presiding has failed to hear and make a determination with least possible delay, on the motions properly filed by a third party. In between this motions, appellant has filed letters **requesting** a ruling on this motions, please see Appendix "F,H,h". Appellant filed this letters requesting a ruling on January 23,2014, see Appendix "F"; also Appellant filed a second letter on March 20,2015 at 9:08A.M., see Appendix "H&h"; Appendix "F" was filed at 11:50A.M.; to respectfully **request** the Honorable Judge Francisco G. Ponce to hear the motion filed in his court, by hand delivering this motions by a third party, and letters.

Appellant brings an action on protective order no. 2714, for review, and for this Honorable Court to render an equitable determination, in where appellant

--15--

shows entitlement in equity and in law. A clear failure by the trial court to analyze or apply the law correctly will constitue an abuse of discretion and may result in appellate reversal.

On November 3,2014 at 2:55P.M., appellant challenged the State to the legal and factual sufficiency, of evidence to support the issuance of a protective order. Appellant respectfully requested the County Attorney to provide the local Law Enforcement Agency incident reports and records to substantial-evidence rule to hold the allegations of appellee and the courts decision of these protective order. Please see Appendix "E", page 6, "Motion to Examine Evidence".

Appellant files these appeal, pursuant to that its the Courts' objective to interpret statutes to determine and give full effect to the legislatures' intent. The statute's words will be given their plain and common meaning. Within the statute, in order for a protective order to be issue, family violence has occurred and is likely to occur in the future, in these case NO family violence has occurred and is likely to occur as defined in the family code statute. The statute states the court shall determine whether family violence occurred and render a protective order if the court finds family violence, in trial no. 2714 and upon the execution of these ORDER, the trial courts' determination are within the FINDINGS on page 2 of the ORDER, No family violence occurred, or is likely to occur in the future. Please see Appendix "A".

One year anniversary has elapsed as stated in the statute and according to Texas statute, a protective order of one year is a permanent injunction which constitues of being final and appealable order, even though it is called a "protective order". Therefore, the Fourth Court of Appeals has jurisdiction to review and give full meaning to examine evidence to OVERTURN these ORDER.

Appellant respectfully request to be heard, as to the trial court in Dimmit

-16-

County has VIOLATED the Appellants' DUE PROCESS RIGHTS to be heard upon properly filed motions, and changed conditions have occurred and taken placed, since the ORDER was SIGNED/EXECUTED.

This protective order, upon the negligence of the Dimmit County Court, to rule on motions properly filed, does not depend on the duration, upon further action by the trial court, so therefore, is "final" for purposes of appelate jurisdiction.

Appellant appeals the trial courts decision, based on a Final Divorce Decree please see Appendix "K" attach to the Writ of Mandamus No. 04-15-00214-CV. This judgement rendered in the 365th District Court supersedes this protective order, and in reference to this protective order and divorce decree, they are conflicting orders, affecting the parent and child relationship in the best interest of the appellants' natural and biological children.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays to the Honorable Said Court to issue the following ORDER to OVERTURN the trial courts' ORDER. Appellant prays that this ORDER be VOIDED or QUASHED, alternatively Modify to exclude the appellant natural and biological children from the ORDER, upon the jurisdiction of the Notice of Appeal and Motion to Appeal. Appellant prays for such relief in law and in equity to which the Appellant shows just entitlement, and that Appellants' pleadings are held less stringent than formal pleadings drafted by lawyers. Appellant prays for all objections be sustain and general relief and allnature sought in the Notice of Appeal and within the Appellants' Brief.

RESPECTFULLY SUBMITTED:

JUAN MIGUEL MATA # 1732873
APPELLANT: PRO SE
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

-19-

## APPENDIX

| Description | NO. 04-15-00214-CV Appendix Brief for Writ of Mandamus | NO. 04-15-00366-CV Appendix Appellants' Brief |
|---|---|---|
| 1 "Agreed" Protective Order; Trial Courts' Judgement | "A" | "A" |
| 2. "States'" Motion to Extend | "B" | "B" |
| 3. ORDER to Motion to Extend "States'" | "C" | "C" |
| 4. Peace Officer Return Certificate of Service | "D" | "D" |
| 5. Appellants' Motion to Amend/ Modify | "E" | "E" |
| 6. Appellants' Letter REQUEST to Rule | "F" | "F" |
| 7. Appellants' Motion to Object | "G" | "G" |
| 8. Appellants' 2nd letter requesting to rule | "H" | "H" |
| 9. Appellants' letter delivered to judges office | "h" | "h" |
| 10. Appellants' Motion to Appeal filed in County Clerks office | "I" | "I" |
| 11. Appellee Affidavit of State of Idaho Resident; see page 2 | "J" | "J" |
| 12. Appellants' and Appellee Divorce Decree | "K" | "K" |
| 13. Appellants' Inability to Pay Cost | within the writ | "L" |
| 14. Appellants' Motion to Sign Order and Notice of Intent | -- | "M" |

PLEASE SEE APPENDIXES THAT ARE ATTACH TO BRIEF FOR WRIT OF MANDAMUS FOR REFERENCE FOR THESE BRIEF (APPENDIXES HAVE ALREADY BEEN FILED IN THE BRIEF, NO APPENDIXES ARE ATTACH TO AVOID OVERFLOW OF DOCUMENTS)

## UNSWORN DECLARATION

I, Juan Miguel Mata, TDCJ-ID # 1732873, being presently incarcerated on the McConnell Unit of Texas Department of Criminal Justice-Institutional Division in Bee County, Texas; do declare under penalty of perjury that the above foregoing instrument (Appellants' Brief) are true and correct to the best of my knowledge. Pursuant to Federal Law [28 U.S.C. 1746 and State Law (V.T.C.A. Civil Practice and Remedies Code §§132.001-132.003)].

Executed on this the_____27th_____day of___August_____,2015.

JUAN MIGUEL MATA # 1732873
APPELLANT: PRO SE

## CERTIFICATE OF SERVICE

I, Juan Miguel Mata, # 1732873, Appellant do hereby certify that a true and correct copy of the above foregoing described as Appellants' Brief has been hand delivered by a third party to Daniel Gonzalez; Dimmit County Attorney & Applicants' Attorney at 103 N. 5th St., Carrizo Springs, Texas 78834.

Executed on this the __27th___day of _____August_____,2015.

JUAN MIGUEL MATA # 1732873
APPELLANT: PRO SE

-20-

NO. 2714

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT |
| | § | |
| MARIA ELENA MATA, APPLICANT | § | |
| | § | OF |
| AND | § | |
| | § | |
| JUAN MIGUEL MATA, RESPONDENT | § | DIMMIT COUNTY, TEXAS |

## AGREED PROTECTIVE ORDER

On ___Jan 20,___ , 2011, the COURT heard the Application for a Protective Order of MARIA ELENA MATA, applicant.

### 1. Appearances

Dimmit County appeared represented by the Dimmit County Attorney, Daniel M. Gonzalez. Applicant Maria Elena Mata:

[  ] appeared in person and by attorney, _____, and announced ready.
[X] appeared in person and announced ready.
[  ] did not appear and wholly made default.
[  ] a record of the proceeding was waived.

Respondent, Juan Miguel Mata, having been duly and properly cited, and after having been properly served with the application and notice of the hearing:

[  ] appeared in person and by attorney, _____, and announced ready.
[X] appeared in person, made a general appearance, was provided a copy of the Application and Amended Application For Protective Order, waived service and announced ready.
[  ] did not appear and wholly made default.
[  ] a record of the proceeding was waived.

### 2. Jurisdiction

The court, having considered the pleading and heard the evidence and argument of counsel, finds that all necessary prerequisites of the law have been satisfied pursuant to Title 4, Family Code, and that this court has jurisdiction over the parties and subject matter of this cause.

A True Copy of the original, I Certify the 18th day of September, 2014
**MARIO Z. GARCIA**
Clerk, County Court
Dimmit County, Texas
By _____ Deputy

FILED
DATE ___01-20___ , 20 11
AT_____ O'CLOCK___M
**MARIO Z. GARCIA**
County Clerk, Dimmit County, Tex
By: _____ Depu

Page 2

## 3. Findings

The Court finds that applicants and respondent:

[ X ] are members of the same family or household, or

[ ] have or have had a dating relationship, as defined by Section 71.0021, Family Code.

The Court finds that:

*M.* [X] family violence, as defined by Section 71.004, Family Code, has occurred and is likely to occur in the future, specifically that Respondent will continue to stalk Applicant.

[ ] the respondent violated a previous protective order while it was in effect.

[ X ] the parties have agreed to the terms of this protective order.

The Court finds that this protective order is in the best interest of the applicant, the family or household, or a member of the family or household.

The Court finds that applicant and Brandon M. Mata (06-19-2001), Mariela M. Mata (01-23-2003) and John M. Mata (04-04-2006) are protected individuals under this order.

## 4. Orders Enforceable by Arrest

It is ordered that respondent is:

a. Prohibited from committing family violence as defined in § 71.004 Family Code or an act in furtherance of an offense under § 42.072, Penal Code, against the applicant and other protected individuals.

b. Prohibited from communicating directly with the applicant and other protected individuals in a threatening or harassing manner.

c. Prohibited from communicating a threat through any person to the applicant or the other protected individuals.

d. Prohibited from going within 200 feet of the residence of the applicant of the other protected individuals located at 1206 North 11th Street, Carrizo Springs, Dimmit County, Texas, or any other residence where applicant may reside.

e. Prohibited from going within 200 feet of the place of employment or business of the applicant or the other protected individuals located (at) (with) _____.

f. Prohibited from going within 200 feet of the childcare facility and school(s) of Brandon M. Mata, Mariela M. Mata, and John M. Mata, located at Carrizo Springs Intermediate School and Carrizo Springs Elementary School, Carrizo Springs, Dimmit County, Texas.

g. Prohibited from possessing a firearm.

h. Prohibited from the use, attempted use, or threatened use of physical force against an intimate partner or child that would be reasonably expected to cause bodily injury.

i. Prohibited from harassing, stalking or threatening a protected individual or engaging in conduct that would place a protected individual in reasonable fear of bodily injury to themselves or a child protected under this order.

Page 3

[ ] It is further ordered by the Court, after having found good cause, that respondent will be required to participate in ten (10) hours of anger management and/or family counseling with Maverick County Counseling Service, with the Department of Human Services, or some other comparable counseling service.

[ ] It is further ordered by the Court, after having found good cause, that respondent is prohibited from communicating in any manner with a member of the family or household except through_____, the party's attorney, or person appointed by the Court.

[ ] It is further ordered that respondent is excluded from the residence located at
_____, on or before _____, and the sheriff, constable or chief of police shall provide a law enforcement officer, who shall:

        a. accompany applicant to the residence covered by the order;

        b. inform the respondent that the court has ordered that respondent be excluded from the residence;

        c. protect the applicant while the applicant takes possession of the residence and the respondent takes possession of the respondent's necessary personal property; and

        d. if the respondent refuses to vacate the residence, remove the respondent and arrest the respondent for violating this order.

## 5. Orders Enforceable by Contempt

The Court hereby incorporates the following attached orders in this Protective Order:

[ ] Attachment A: Orders Concerning Children.
[ ] Attachment B: Orders Concerning Property.
[ ] Attachment C: Orders Concerning Weapons.
[ ] Attachment D: Orders to Reduce the Likelihood of Violence.

## 6. Confidentiality of Certain Information

Pursuant to a request by a member of the family household, it is hereby ordered that the address and telephone number of the following persons and places be excluded from this order:

[ ] a person protected by the order.
[ ] the place of employment or business of a person protected by this order.
[ ] the child-care facility or school a child protected by the order attends or in which the child resides.

The Clerk of the Court is hereby ordered to strike the information listed above from the public records of the Court, and maintain a confider.:ial record of the information above for the use only by the Court.

Page 4

## 7. Fees and Costs

It is ordered that respondent pay the following fees and costs:

[ ] Costs of court, including the protective order fee, costs of service of this order, and all other expenses incurred in connection with this order, in the amount of $154.25, payable on or by _____, 2011, to the Office of the Dimmit County Clerk.

[ ] Reasonable and necessary attorneys fees in the amount of _____, payable on or by_____ , to_____.

## 8. Warnings

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSONS, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL 50 STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES. 18 U.S.C.§2265. INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. 18 U.S.C. §§2261, 2261A, AND 2262.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER A HANDGUN FOR THE DURATION OF THIS ORDER. SECTION 46.06, PENAL CODE.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF STATE ORDER TO POSSESS A FIREARM OR AMMUNITION. 18 U.S.C. SECTION 922(g)(8); SECTION 46.04, PENAL CODE.

POSSESSION OF A FIREARM WHILE THIS PROTECTIVE ORDER IS IN EFFECT MAY BE A FELONY UNDER FEDERAL LAW PUNISHABLE BY UP TO TEN YEARS IN PRISON AND/OR A $250,000 FINE. 18 U.S.C. '922(g)(8).

## 9. Findings in Compliance with Federal Law

The court finds that:

Respondent received actual notice of the hearing and had an opportunity to participate.

Applicant and Respondent are intimate partners pursuant to Title 18, United States Code, Section 2266.

The protected individual(s) listed in paragraph 5, Brandon M. Mata, Mariela M. Mata and John M. Mata are children of applicant or respondent.

Respondent represents a credible threat to the physical safety of the applicant and any child of applicant who is listed as a protected individual in this order.

## 10. Order Forwarded

The clerk of this court is hereby to forward a copy of this order to the sheriff of DIMMIT County, the child care facility and/or school in Section 4 of this Order, and the Texas Department of Public Safety, if the respondent is licensed to carry a concealed weapon.

## 11. Duration of Protective Order

This order is effective immediately and shall continue in effect until **JANUARY 20, 2013.** If respondent is confined or imprisoned on the date this order would otherwise expire, the period of this order is hereby extended and the order expires on the first anniversary date Respondent is released from confinement or imprisonment pursuant to Section 85.025 of the Texas Family code.

## 12. Service of Protective Order

This court finds that the order:

[X] has been served on Respondent in open court; or

[ ] has been served on Respondent's attorney; or

[ ] shall be personally served on respondent in the same manner as a writ on injunction; or

[ ] shall be served on respondent by registered or certified mail in accordance with Rule 21 A, Texas Rules of Civil Procedures.

Page 6

Signed and entered on the _21_ day of _January_ , 2011.

_____

FRANCISCO G. PONCE,
DIMMIT COUNTY JUDGE

APPROVED TO FORM AND CONTENT:

_____
Respondent- JUAN MIGUEL MATA
Address:_____
Date of Birth: 10-31-1974
SSN:          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
TDL:_____

_____
Applicant-    MARIA ELENA MATA
Date of Birth: 04-23-1967
SSN:          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

APPROVED AS TO FORM ONLY:

_____
Respondent's Attorney
Address:_____
Phone:_____
Fax:_____
SBN:_____

_____
Daniel M. Gonzalez,
Dimmit County Attorney
Address: 103 North 5th Street, Suite 6B
Carrizo Springs, Texas 78834
Phone: 830-876-4236
Fax: 830-876-4219
SBN: 00784144

## DECLARATION OF INABILITY TO PAY COST

(The following Declaration is made pursuant to the **Texas Rules of Civil Procedure, Tex.R.App.P. Rule 20, Chapter 132 of the Texas Civil Practice and Remedies Code.**)

COMES NOW, Juan Miguel Mata, TDCJ-ID # 1732873, and declares that I am unable to pay the court costs in this Notice of Appeal, and request leave of the Court to proceed in forma pauperis in this accompanying Notice to Appeal and would show the Court the following:

(1)     I am presently incarcerated in the Mc. Connell Unit of Texas Department of Criminal Justice-Institutional Division where I am not permitted to earn or handle any money.

(2)     I have no source of Income or spousal income.

(3) I currently have $_____ credited to me in the Inmate Trust Fund.

(4)     During my incarceration in the Texas Department of Criminal Justice-Institutional Division.  I have recieved approximately $120.00 per month as gifts from relatives and friends.

(5)     I neither own nor have an interest in any reality, stocks, bonds, or bank accounts and I recieve no interest or dividend income from any source.

(6)     I have  4  dependents.

(7)     I have total debts of approximately $ 12,000.00 (child support incl.)

(8)     I owe $0.00 as restitution.

(9)     My monthly expenses are approximately $900.00.

I, Juan Miguel Mata, TDCJ-ID # 1732873, being presently incarcerated in the Mc. Connell Unit of the Texas Department of Criminal Justice-Institutional Division, Bee County, verify and declare under penalty of perjury that the above foregoing statements are true and correct.

EXECUTED on this the _____ day of _____, 2015.

APPENDIX "L"

JUAN MIGUEL MATA # 1732873
APPELLANT: PRO SE

JUAN MIGUEL MATA #1732873
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

May 8,2015

Dimmit County Courthouse
ATT:  MARIO Z. GARCIA:  DIMMIT COUNTY CLERK
103 N. 5th St.
Carrizo Springs, Texas 78834

RE:  ENCLOSED ARE ORIGINAL MOTION TO SIGN ORDER AND NOTICE OF INTENT
     STYLE:  MARIA ELENA MATA  v. JUAN MIGUEL MATA
     TRIAL NUMBER:  2714

Dear Mr Garcia;

Please accept this letter and its attachment.  Enclosed is a Motion to Sign Orders and a Notice of Intent with its Corresponding Orders, Unsworn Declaration and Certificate of Service.

Please file this Motion to Sign Orders and Notice of Intent, and docket it within your docket sheet as you forward this foregoing instruments, to the Honorable Court, and provide a copy date stamped from the date your office recieved this delivering it to the third party person.

Thank You for your assistance in this matter.

                                        Sincerely,
                                        Juan Miguel Mata
                                        JUAN MIGUEL MATA #1732873
                                        RESPONDENT:  PRO SE


ENCLOSURE:  ORIGINAL MOTION TO SIGN ORDER
            NOTICE OF INTENT

cc: File
*** Mario Z. Garcia, Dimmit County Clerk***
    Daniel Gonzalez, Dimmit County Attorney
    Honorable Francisco G. Ponce Office

FILED
DATE May 15, 20 15
AT 11:15 O'CLOCK A M
MARIO Z. GARCIA
County Clerk, Dimmit County, Texas
By _____ Deputy

JUAN MIGUEL MATA #1732873.
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

May 8, 2015

Dimmit County Courthouse
ATT: HONORABLE FRANCISCO G. PONCE                Via Hand Deliver
103 N. 5th St.
Carrizo Springs, Texas   78834

RE: ENCLOSED COPIES OF MOTION TO SIGN ORDER AND NOTICE OF INTENT
    STYLE: MARIA ELENA MATA v. JUAN MIGUEL MATA
    TRIAL.NUMBER:  2714  ("AGREED" PROTECTIVE ORDER")

Dear Honorable Francisco G. Ponce;

     Please accept this letter and its attachment to inform your office of
the Motions that have been filed in the Dimmit County Clerk.  Enclosed is a
copy of the Motion to Sign Orders and Notice of Intent.  The Original Motion
to Sign Order and Notice of Intent have been filed in the Dimmit County Clerk's
Office.

     Upon your ruling, could you please order the clerk to send a  copy of the
order of the determination you have taken?

     Thank You for your assistance and valuable time in this matter.

                                             Sincerely,

                                             JUAN MIGUEL MATA #1732873
                                             RESPONDENT: PRO SE


ENCLOSURE:   ORIGINAL MOTION TO SIGN ORDER
             NOTICE OF INTENT


cc; File
    Mario Z. Garcia, Dimmit County Clerk
    Daniel Gonzalez, Dimmit County Attorney
****Honorable Francisco G. Ponces' Office*****



RECEIVED
MAY 1 5 2015
BY.

NO. 2714

IN THE MATTER OF

MARIA ELENA MATA, APPLICANT

AND

JUAN MIGUEL MATA, RESPONDENT

§
§
§
§
§
§
§
§

IN THE COUNTY COURT

OF

DIMMIT COUNTY, TEXAS

## MOTION TO SIGN ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN MIGUEL MATA, TDCJ-ID #1732873, Respondent in the above-entitled and numbered cause; files this Pro Se, its Motion to Sign Orders pursuant to **V.T.C.A. Government Section 1205.65** and for cause would respectfully show the following:

### I.

On November 3, 2014, Respondent filed Motion to Modify, pursuant to and in accordance to **TEX. FAM. CODE ANN. 87.001(1)**, also Motion to Examine Evidence; **TEX. CODE OF CRIM. PROC. ARTICLE 5.05 (a)** subtitle Reports and Records, and Motion to Quash were filed in an omnibus motion. Respondent is respectfully requesting a hearing and determination on this motion. As of to date NO response, ruling, or determination has been rendered, or made.

On February 10, 2015, Respondent filed Respondent Objection to Protective Order No. 2714, due to new FINDINGS, that Protective Order No. 2714 is in VIOLATION to **V.T.C.A. FAM. LAW TITLE IV, SECTIONS 81.001, 85.001, 82.002**. And has requested a review on this ORDER, pursuant to **V.T.C.A. FAM. CODE ANN. 85.025 (b)**.

On April 14, 2015, a Motion to Appeal pursuant to **Section 81.009; TEX. FAM. CODE ANN.** and a Motion to Quash have been filed. Previously on November 3, 2014 Respondent had entered a Motion to Quash, as well, seeking relief on this foregoing motions.

Respondent has properly filed each and one of this motions with the county

clerks' office by third party hand delivering this foregoing instruments. As of to date no ruling, correspondence, determination or response has been rendered from this Honorable Court or the Dimmit County Clerk's Office.

## NOTICE OF INTENT

COMES NOW, JUAN MIGUEL MATA, TDCJ-ID # 1732873, Respondent in the above-entitled and numbered cause, files this NOTICE OF INTENT pursuant to **TEX. RULES OF COURT; Rule 694, (Civil Proc.)** , and for cause would respectfully show the following;

This Honorable Court has failed to rule on motions properly filed in the Clerk's Office. Respondent has seeked relief through a hearing of review, to make a determination on this motions with the least, efficient, possible delay and has been unsuccessful. Respondent has a legal interest in this proceeding and is respectfully requesting to be heard.

If no response is render Respondent will proceed to file an Application for Writ of Mandamus, with its corresponding brief. After 30 business days of this motion and notice;have been properly filed by a third party hand delivering this instrument, to the Dimmit County Clerk's Office, no response or correspondence such actions will commence.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Respondent prays to this Said Honorable Court to issue the following orders:

Respondent prays for a ruling, determination, or response on this motions properly filed in this Court.

Respondent prays protective order #2714 be quashed upon the Motion to Object, alternatively that this order be modified, if at last relief requested if all motions are denied. Respondent prays this order to be appeal.

Respondent prays for a hearing on the review of this motions.

Respondent prays the Honorable Court dispense with the necessity of a bond.

Respondent prays for such relief in law and in equity to which the Respondent shows just entitlement.

Respondent prays for general relief and all nature sought.

RESPECTFULLY SUBMITTED;

JUAN MIGUEL MATA; #1732873
RESPONDENT; PRO SE
Mc. CONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

## UNSWORN DECLARATION

I, Juan Miguel Mata, TDCJ-ID # 1732873, being presently incarcerated on the Mc. Connell Unit of the Texas Department of Criminal Justice-Institutional Division in Bee County, Texas; do declare under penalty of perjury that the foregoing instrument is true and correct to the best of my knowledge. Pursuant to Federal Law [28 U.S.C. 1746 and State Law (V.T.C.A. Civil Practice and Remedies Code 132.001-132.003)].

Executed on this the ___8th___ day of ___May___, 2015.

JUAN MIGUEL MATA #1732873
RESPONDENT; PRO SE

## CERTIFICATE OF SERVICE

I, Juan Miguel Mata, Respondent, do hereby cerify that a true and correct copy of the above and foregoing Motion to Sign Orders and Notice of Intent, Unsworn Declaration of Respondent Testimony, with Corresponding Order has been hand dellivered by a third party to Daniel Gonzalez, Dimmit County Attorney; 103 N. 5th St.; Carrizo Springs, Tx. 78834 and Mario Z. Garcia, Dimmit County Clerk;103 N. 5th; Carrizo Springs, TX. 78834, .

Executed on this the ___8th___ day of ___May___, 2015.

JUAN MIGUEL MATA #1732873
RESPONDENT; PRO SE

No. __2714__

IN THE MATTER OF

MARIA ELENA MATA, APPLICANT

AND

JUAN MIGUEL MATA, RESPONDENT

§
§
§
§
§
§
§

IN THE COUNTY COURT

OF

DIMMIT COUNTY, TEXAS

## ORDER

ON THIS DAY, came to be heard this Motion to Sign Order, pursuant to V.T.C.A. Government Section 1205.65.

The Court having heard all evidence and arguement of Respondent, FINDS that Respondent is entitled to a hearing and such ORDER be reviewed, open, modified, or vacated, pursuant to and in accordance to Section 85.025(b); TEX. FAM. CODE.

The Court FINDS that Respondent NO longer AGREES and the Court is of OPINION to:

( ) GRANT
( ) DENIED

the signing of any corresponding order to the motions properly filed.

SIGNED this _____day of_____,A.D. 2015.


HONORABLE FRANCISCO G. PONCE
DIMMIT COUNTY JUDGE