# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-25-00237-CV

**Danny Patrick McCoy, Appellant**

**v.**

**Edith Yedida McCoy, Appellee**

---

### FROM THE 465TH DISTRICT COURT OF BASTROP COUNTY
### NO. 423-8024, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Danny Patrick McCoy filed a notice of appeal from the trial court's March 27, 2025 Protective Order.  Upon initial review, the Clerk of this Court sent McCoy a letter informing him that this Court appears to lack jurisdiction over the appeal because the protective order does not appear to be an appealable order.

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order.  *See* Tex. Civ. Prac. & Rem. Code § 51.012 (appeal may be taken from final judgment); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).  The Clerk informed McCoy that the protective order from which he seeks to appeal does not appear to be a final and appealable judgment because it is a protective order rendered against a party in a suit for dissolution of a marriage, and it appears from the trial-court clerk's record that there has not been

a final decree of dissolution issued in that suit. *See* Tex. Fam. Code § 81.009(b) ("A protective order rendered against a party in a suit for dissolution of a marriage may not be appealed until the time the final decree of dissolution of the marriage becomes a final, appealable order.").

The Clerk requested a response on or before May 19, 2025, informing this Court of any basis that exists for jurisdiction. McCoy filed a response acknowledging that the protective order was issued within the ongoing divorce case but contending that it is a final, independently appealable order under Texas Family Code Chapter 85, which concerns the issuance of protective orders. McCoy cites several cases in support of his position, but only one of these cases refers to a protective order. *See Cooke v. Cooke*, 65 S.W.3d 785, 786 (Tex. App.—Dallas 2001, no pet.). *Cooke* is factually distinguishable from this case because in that case the parties' divorce became final in April 2000, and the State applied for a protective order on the ex-wife's behalf in May 2000. *See id.* Here, McCoy acknowledges the parties' divorce is not yet final, and the Family Code provides in unambiguous language that "[a] protective order rendered against a party in a suit for dissolution of a marriage may not be appealed until the time the final decree of dissolution of the marriage becomes a final, appealable order." Tex. Fam. Code § 81.009(b).

Because the trial court's protective order from which McCoy seeks to appeal is not an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: June 5, 2025